IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JULIE CHRISLEY, Individually and : 
as Majority Owner of CHRISLEY :
ASSET MANAGEMENT, LLC :
and PACIFIC DEVELOPMENT :
PARTNERS, LLC, :
  :
      Plaintiffs :    CIVIL ACTION FILE
  :    NO: 1:12-CV-03524-CAP
v. :
  :
MARK BRADDOCK, LESLIE :
(HERSHBERGER) BRADDOCK, :
ALINA CLERIE, GRACE REALTY :
GROUP, LLC, KEY ASSET :
SOLUTIONS, LLC; PRIVATE :
PEERING POINT, LLC, :
WATERCOLOR RETREAT, LLC, :
KIMBERLY A. CHILDS, :
JAMES "STAGG" SHELTON, :
ARC AUTO BROKERS, LLC, :
VALENCIA WALKER, and :
STEVEN LINDSEY, :
  :
      Defendants. :

## DEFENDANT KIMBERLY A. CHILDS' MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR SANCTIONS

COMES NOW, Kimberly A. Childs (hereinafter "Childs" or "Defendant"), a

Defendant in the above-styled action and files this, her Memorandum of Law in

Support of her Motion for Sanctions pursuant to Federal Rule of Civil Procedure

11(c) for failure to comply with Rule 11(b), showing this Honorable Court as follows:

## STATEMENT OF FACTS

Childs is a lawyer licensed to practice in Georgia and she represents co-Defendant Mark Braddock in several related and pre-existing state court matters brought by these Plaintiffs or their allegedly wholly owned entities. (See Complaint, ¶ 17, Exhibits G, H, I, J.) Braddock, Childs' client, is a member of Chrisley Asset Management, LLC ("CAM") and is currently involved in a very contentious dispute with the alleged co-members of CAM. (See Complaint, ¶ 22, Exhibits F, G, H, I, J.) The pending lawsuits include Julie Chrisley, Chrisley Asset Management, LLC v. Mark Braddock and Alina Clerie, Superior Court Fulton County, State of Georgia, CAFN: 2012-CV-219963 and EZ Title Loans, LLC and Pacific Development Partners, LLC v. Grace Realty Group, LLC, Key Asset Solutions, LLC, RES-GA Buckhead, LLC, Mark Braddock, individually, and Valencia Walker, individually, Superior Court of Fulton County, State of Georgia, CAFN: 2012-CV-222070. (See Complaint, ¶ 17, Exhibits G, H, I, J.)

Plaintiffs filed this lawsuit on October 9, 2012 in an attempt to move the existing dispute from state court to federal court after unfavorable rulings in the

state court and to attempt to disqualify Childs from representing her client, Braddock, in the pending lawsuits.  (See Complaint, Exhibits H, I, J.)

The Complaint sets forth the following counts against Childs: (1) Georgia Racketeer Influenced and Corrupt Organizations Act (RICO); (2) Fraud and Accounting; and (3) Attorneys' Fees and Costs.  (See Complaint, Counts I, VI and XI.)  The allegations against Childs are strictly state law claims.  (See Complaint, Counts I, VI and XI.)

The allegations against Childs stem from an Order in the Fulton County Superior Court lawsuit Julie Chrisley, Chrisley Asset Management, LLC v. Mark Braddock and Alina Clerie, CAFN: 2012-CV-219963 (hereinafter "Order").  (See Complaint, ¶¶ 59-61, Exhibit G.)  As stated above, Childs represents Braddock in this case.  (See Complaint, Exhibits G, H, I, J.)  The Order was issued as a result of a petition for a Temporary Restraining Order sought by CAM and Julie Chrisley.  (See Complaint, ¶¶ 57-58.)   The Order, which speaks for itself, appointed a receiver for CAM and the receiver was ordered to be the "sole and exclusive signatory on any CAM banking or deposit account" and the Court held that "no member shall have any deposit or withdraw authority with respect to CAM funds." (See Complaint, Exhibit G.)

Upon receipt of a bank email of a pending wire transfer from CAM in the amount of $219,802.44, Childs, on behalf of her client, Braddock, filed an Emergency Motion for Order to Preserve Assets in Receivership. (See Complaint, ¶ 59, Exhibit H.) Specifically, Plaintiffs' Complaint alleges that this Emergency Motion "in and of itself conclusively demonstrates that Mark Braddock and Childs continue to unlawfully access CAM's and the Chrisleys' private, secure bank accounts, in violation of state and federal banking laws." (See Complaint, ¶ 60.) Plaintiffs claim that receiving the bank email and/or *viewing* the account is in violation of the Order. (See Complaint, ¶ 60.)

The court held an emergency hearing on the same day that the Emergency Motion was filed. (See Complaint, Exhibit H, p. 21-32; Exhibit I, p. 11-12.) At the conclusion of the hearing, the Court granted Childs' Emergency Motion and issued an Order on October 3, 2012 (and an amended Order on October 4, 2012) requiring Julie Chrisley and Leland Nicholson (former Receiver for CAM) to return the $219,802.44 transferred out of CAM's bank account and to produce documentation of the return of fund within twenty-four (24) hours of receipt of the Order. (See Complaint, Exhibit H, p. 21-32; Exhibit I, p. 11-12.) When Julie Chrisley and CAM, through their counsel, failed to comply with the Order and produce the required documentation and return the money, Childs, on behalf of her

4

client Braddock, filed a Motion for Contempt on October 5, 2012. (See Complaint, Exhibit J.) Just days later, on October 9, 2012, Plaintiffs filed this lawsuit. (See Complaint.) The day after filing this lawsuit, Plaintiffs attempted to dismiss the Fulton County case by filing a voluntary dismissal. (See Notice of Voluntary Dismissal without Prejudice filed in Julie Chrisley, Chrisley Asset Management, LLC v. Mark Braddock and Alina Clerie, Fulton County Superior Court, State of Georgia, CAFN: 2012-CV-219963, attached as "Exhibit A.") It is a reasonable inference to draw that Plaintiffs filed this suit against Childs in an effort to disqualify Childs from continuing to represent Braddock in both lawsuits and to move the case to a venue that the Plaintiffs expect will be more favorable to them given the recent setbacks at the hands of the Fulton Superior Court.

Lastly, the Complaint alleges that Childs filed a "meritless and vexatious" contempt motion in Julie Chrisley, Chrisley Asset Management, LLC v. Mark Braddock and Alina Clerie, Fulton County Superior Court, State of Georgia, CAFN: 2012-CV-219963 which ignores the "supersedeas created by the Notice of Appeal of the underlying order and is a blatant abuse of the court system without probable cause or merit." (See Complaint, ¶ 61.) The Complaint also states that Childs is currently labeled a vexatious litigant by another federal court. (See Complaint, ¶ 61.)

Pursuant to Federal Rule of Civil Procedure 11(c), the undersigned counsel complied with the twenty-one (21) day safe harbor provision before filing this Motion for Sanctions. (See November 8, 2012 Correspondence, attached as "Exhibit B.") This Motion is being filed after the expiration of the twenty-one (21) day period because Plaintiffs did not dismiss the Complaint and in fact, did not even provide a response to the notice.

## ARGUMENT AND CITATION OF AUTHORITY

Federal Rule of Civil Procedure 11(b) states:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

6

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

If a party violates Rule 11, the Court has the authority to issue sanctions pursuant to Rule 11(c) so long as the opposing part is given notice and an opportunity to respond.  In this case, the Complaint against Childs violates Rule 11(b) because it was filed for an improper purpose and the allegations are frivolous and unsupported by facts.

## A.    Plaintiffs' Complaint Against Childs was Filed for Improper Purposes.

Plaintiffs filed this lawsuit in an effort to create a conflict of interest between Childs and her client, Mark Braddock, by naming them both as defendants in this case and to forum shop.  Plaintiffs' motive to disqualify Childs is evidenced in correspondence going back as early as Friday October 12, 2012.  Just three days after this Complaint was filed, Scott Sanders, counsel for the former receiver (and

CAM employee) Leland Nicholson sent an email to Childs containing, in part, the following statement:

> Also, since you and Mark Braddock have now both been named as co-defendants in a federal RICO action related to this dispute, when do you intend to withdraw and allow Mr. Braddock the opportunity to secure independent legal counsel in this matter?   At present, you certainly have a gross conflict of interest in continuing any further representation of a party in this dispute.

(See E-mail dated October 12, 2012, attached as "Exhibit C.")

Three days later, Mr. Sanders made a similar inquiry to Todd Stanton, co-counsel with Childs on behalf of Braddock which stated, in part: "Are you now taking over representation of Mark Braddock for Ms. Childs due to her compromised position?" (See E-mail dated October 15, 2012, attached as "Exhibit D.") These statements by Mr. Sanders were made on behalf of the former receiver, Mr. Nicholson, speaking for CAM.

The allegations against Childs in this lawsuit are without merit and arise solely from Childs' actions on behalf of her client, Braddock, in filing the Emergency Motion for Order to Preserve Assets in Receivership. (See Complaint, ¶¶ 59-61.) The Emergency Motion was granted by the Fulton County Court. (See

Complaint, Exhibit H, p. 31-32.)  To the extent that Plaintiffs had any objection to the conduct or actions serving as the basis of that emergency motion, the proper forum for those complaints was the Fulton County court.  Childs was repeatedly successful on behalf of her client, Braddock, in the Fulton County case and therefore, this federal lawsuit against Childs is Plaintiffs attempt to remove Childs from the ongoing litigation.

Additionally, Plaintiffs are using this lawsuit as an opportunity to move the litigation to a court which they expect will be more favorable to them since they did not raise the issues against Childs in the Fulton County case.  Plaintiffs' attempt at forum shopping is further illustrated by the timing of the proceedings in the Fulton County case and the filing of this Complaint.

Julie Chrisley and CAM are Plaintiffs in the Fulton County lawsuit and they chose that forum.  (See Notice of Voluntary Dismissal without Prejudice filed in Julie Chrisley, Chrisley Asset Management, LLC v. Mark Braddock and Alina Clerie, Fulton County Superior Court, State of Georgia, CAFN: 2012-CV-219963, attached as "Exhibit A.")  They were repeatedly unsuccessful in that case. First, CAM, through its former receiver, attempted to make a transfer of $219,802.44 to Julie Chrisley.  (See Complaint, ¶ 59, Exhibit H.)  The court granted Childs' Emergency Motion for Order to Preserve Assets in Receivership and ordered

9

Chrisley and the former receiver to return the $219,802.44 and to produce documentation of the return of fund within twenty-four (24) hours of receipt of the Order. (See Complaint, Exhibit H, p. 21-32; Exhibit I, p. 11-12.)

When Julie Chrisley and CAM, through their counsel, failed to comply with the Order, Childs moved for the court to find them in contempt. (See Complaint, Exhibit J.) Just days later, Plaintiffs filed this lawsuit. (See Complaint.) The day after filing this lawsuit, Plaintiffs attempted to dismiss the Fulton County case by filing a voluntary dismissal. (See Notice of Voluntary Dismissal without Prejudice filed in Julie Chrisley, Chrisley Asset Management, LLC v. Mark Braddock and Alina Clerie, Fulton County Superior Court, State of Georgia, CAFN: 2012-CV-219963, attached as "Exhibit A.")

The timing of this Complaint coupled with the fact that the other two lawsuits by these Plaintiffs, or their allegedly wholly owned entities, were filed in state court, creates a reasonable inference that Plaintiffs filed this suit against Childs in an effort to forum shop and disqualify Childs from continuing to represent Braddock in both lawsuits. Since this Complaint was filed against Childs for an improper purpose, Plaintiffs violated under Rule 11(b) and are subject to sanctions.

**B.     Plaintiffs' Complaint Against Childs is Frivolous and Without Factual Support.**

As the Complaint demonstrates on its face, Plaintiffs do not have any factual support for the claims they allege against Childs, including a Georgia RICO claim, fraud and accounting and attorneys' fees and punitive damages. (See Complaint.) The inadequacy of the Complaint has been outlined in detail in Kimberly A. Childs' Motion to Dismiss.

> 1.     Childs did not Violate the Order.

All of Plaintiffs' allegations against Childs arise from her alleged violation of the Order. (See Complaint, ¶¶ 59-61.)   The Order is attached as part of "Exhibit G" to the Complaint.  Assuming for purposes of this Motion to Dismiss that the allegations by Plaintiffs against Childs are true, a reading of the Order, on its face, conclusively confirms that Childs did not violate the Order. (See Complaint, ¶¶ 59-61, Exhibit G.)

The entire Order is attached to the Complaint as part of "Exhibit G", however, the pertinent provisions in the Order are as follows:

- Mr. Nicholson will be the sole and exclusive signatory on any CAM banking or deposit account, including accounts with Embassy National Bank and/or JP Morgan Chase Bank NA; Mr.

11

Nicholson, as receiver for CAM, has full authority to deposit, withdraw, and transfer any CAM funds.

- No member shall have any deposit or withdraw authority with respect to CAM funds.

As stated in the Complaint, Plaintiffs accuse Childs of "unlawfully access[ing] CAM's and the Chrisleys' private, secure bank accounts, in violation of state and federal banking laws." However, Plaintiffs fail to present any factual evidence that Childs accessed the Chrisleys' private accounts and they further failed to identify any such state and federal banking laws. (See Complaint.) Additionally, violations of said laws were not alleged as numbered counts against Childs. (See Complaint.) Moreover, other than this conclusory accusation, there is no factual allegation that Braddock or Childs signed, withdrew, deposited or transferred funds in CAM's or the Chrisley's bank accounts.

Plaintiffs do not say it clearly in the Complaint, but in paragraphs 59–61 they infer that merely viewing CAM's bank account and printing a cleared check (as evidentiary support for the Emergency Motion) were violations of the Order and/or some undisclosed law. (See Complaint, ¶ 59–61.) These allegations must fail because based on the clear and plain language in the Order there is nothing prohibiting viewing CAM's bank account and printing a cleared check. (See

12

Complaint, Exhibit G.)  Instead, the Order sets forth who is authorized to sign on the accounts, deposit funds and withdraw funds.  (See Complaint, Exhibit G.) Curiously, if not for the "viewing" of the CAM account, the $219,802.44 transfer made by CAM in violation of the court Order may never have come to light.  No wonder they are upset and filed this claim!

Based on its face, the Order does not prohibit viewing CAM's account or cleared checks.  (See Complaint, Exhibit G.)  Therefore, Childs' actions regarding the Emergency Motion cannot serve as the basis of any allegation of wrongdoing.

> 2.   Plaintiffs Claim for Georgia RICO Violations is Frivolous and Wholly Without Evidentiary Support.

Additionally, the RICO claim is frivolous.  The Complaint is void of any factual support for the conclusory allegations that Childs committed predicate acts as defined by the RICO statute.  (See Complaint, Count I.)  Plaintiffs failed to set forth any factual support that Childs engaged in any predicate act (much less two required predicate acts) to constitute a "pattern of racketeering activity" because Childs did not engage in any conduct that could support a RICO claim.  (See Complaint, Count I.)  Instead of pleading any specific conduct against the individual defendants, Plaintiffs made overbroad conclusory statements against the defendants collectively.  (See Complaint, Count I.)  The lack of factual allegations

in the Complaint further demonstrates that Plaintiffs' claims are frivolous and unsupported by facts.

        3.    <u>Plaintiffs' Claim for Fraud and Accounting is Frivolous and Wholly Without Evidentiary Support.</u>

The fraud and accounting claims are both frivolous and absurd. The Complaint is void of even an inkling that Childs perpetrated a fraud on the Plaintiffs or that she received any benefits from the alleged fraud. (<u>See</u> Complaint.) The Plaintiffs makes only overbroad conclusory statements that Childs made false statements to which the Plaintiffs reasonably relied. (<u>See</u> Complaint, Count VI.) Plaintiffs could not provide any further factual information about the alleged statement(s) because no such statements exist. Further, even if such statements were made, it would not be reasonable for the Plaintiffs to rely upon any representations by Childs because she was acting as counsel for Braddock, who Plaintiffs sued in multiple lawsuits.

It is even more preposterous that Plaintiffs made a claim for an accounting from Childs. (<u>See</u> Complaint, Count VI.) Again, the Complaint is void of any factual accusation that Childs received any money or property from CAM which would warrant an accounting. (<u>See</u> Complaint.) This is another example of

Plaintiffs overbroad and generalized allegations against all of the defendants, collectively.

    4.    <u>Plaintiffs' Claim for Attorneys' Fees and Punitive Damages is Frivolous and Wholly Without Evidentiary Support.</u>

Further, since the RICO and fraud and accounting claims fail, so do the claims for attorneys fees and punitive damages. <u>See</u> <u>Green v. Home Depot, U.S.A., Inc.</u>, 277 Ga. App. 779, 783 (Ct. App. 2006); <u>United Cos. Lending Corp. v. Peacock</u>, 267 Ga. 145, 147 (1996).

### C.    Childs is not a Vexatious Litigant.

Lastly, in Paragraph 61 of the Complaint, Plaintiffs make warrantless accusations that Childs has been labeled as a "vexatious litigant" in federal court. (See Complaint, ¶ 61.) This ill attempt to discredit Childs is not only irrelevant since all of the pending lawsuits are brought by Plaintiffs or their allegedly related entities, but it is simply not true. Childs has never been labeled a vexatious litigant but upon a case search on PACER it was discovered that there are other litigants named "Kim Childs" who have litigated in federal court. Specifically, in 1:12-cv-00407 a "Kim Childs" (a *pro se* plaintiff) was enjoined from filing future pleadings against the defendants unless she post a bond. (<u>See</u> Docket Report for <u>Childs v. Suntrust Mortgage, Inc.</u>, 1:12-cv-00407, attached as "Exhibit D.") Plaintiffs were

quick to defame Childs with these accusations, either without looking at the address for "Kim Childs" listed directly below the litigant's name on the docket report (which would have indicated that the "Kim Childs" who has been labeled a vexatious litigant is not the "Kimberly A. Childs" acting as counsel for Mark Braddock) or they noticed the different address and chose to knowingly make false statements to the Court in an attempt to discredit and dishonor Childs.

## CONCLUSION

All of Plaintiffs claims against Childs are frivolous and without factual support. Naming Childs in this lawsuit was a strategic attempt by Plaintiffs to have Childs disqualified from representing her client, Braddock, a member of CAM and as an attempt to move the litigation to what Plaintiffs hoped would be a more favorable forum. Therefore, Plaintiffs filed this lawsuit for improper purposes by making frivolous claims that are unsupported by facts and evidence in violation of Federal Rule of Civil Procedure 11. Since Plaintiffs are in violation of Rule 11, they should be sanctioned and Childs should be awarded attorneys' fees and expenses.

Based on the above and foregoing reasons, and according to Federal Rule of Civil Procedure 11(c), Plaintiffs should be sanctioned for failing to comply with Rule 11(b) by filing improper and frivolous claims against Childs.

WHEREFORE, because the Plaintiffs' violated Rule 11, Childs respectfully requests that this Court GRANT this Motion and award Childs attorneys' fees and expenses pursuant to Federal Rule of Civil Procedure 11(c)(4).

Respectfully submitted this 7th day of December, 2012.

HALL BOOTH SMITH, P.C.

*/s/ Crystal D. Filiberto*
Rush S. Smith, Jr.
Georgia Bar No. 663362
Crystal D. Filiberto
Georgia Bar No. 383451
*Counsel for Defendant Kimberly Childs*

191 Peachtree Street, N.E.,
Suite 2900
Atlanta, Georgia 30303
P: (404) 954-5000
F: (404) 954-5020
rsmith@hallboothsmith.com
cfiliberto@hallboothsmith.com

17

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JULIE CHRISLEY, Individually and       :
as Major Owner of CHRISLEY            :
ASSET MANAGEMENT, LLC                 :
and PACIFIC DEVELOPMENT               :
PARTNERS, LLC,                        :
                                      :
          Plaintiffs                  :          CIVIL ACTION FILE
                                      :          NO: 1:12-CV-03524-CAP
v.                                    :
                                      :
MARK BRADDOCK, LESLIE                 :
(HERSHBERGER )BRADDOCK,               :
ALINA CLERIE, GRACE REALTY            :
GROUP, LLC, KEY ASSET                 :
SOLUTIONS, LLC; PRIVATE               :
PEERING POINT, LLC,                   :
WATERCOLOR RETREAT, LLC,              :
KIMBERLY A. CHILDS,                   :
JAMES "STAGG" SHELTON,                :
ARC AUTO BROKERS, LLC,                :
VALENCIA WALKER, and                  :
STEVEN LINDSEY,                       :
                                      :
          Defendants.                 :

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and

foregoing **DEFENDANT KIMBERLY A. CHILDS' MEMORANDUM OF**

**LAW IN SUPPORT OF HER MOTION FOR SANCTIONS** upon all parties to

this matter via CM/ECF as follows:

18

Robert T. Thompson, Esquire
Thompson Law Group, LLC
P.O. Box 53484
3423 Piedmont Road
Ivy Place, Suite 530   (30305)
Atlanta, Georgia   30355

Kevin A. Maxim, Esquire
The Maxim Law Firm, P.C.
1718 Peachtree Street, N.W.
Suite 599
Atlanta, Georgia   30309

Michael F. Hanson, Esquire
The Hanson Firm, LLC
3350 Riverwood Parkway, Suite 1900
Atlanta, Georgia   30339

Charles D. Gabriel, Esquire
Royal Centre One, Suite125
11675 Great Oaks Way
Alpharetta, Georgia   30022

Todd H. Stanton, Esquire
Stanton Law, LLC
1579 Monroe Drive, Suite F-206
Atlanta, Georgia   30324

Warren Carl Lietz , III
Kish & Lietz, P.C.
1700 South Tower
225 Peachtree Street, NE
Atlanta, GA 30303

This 7th day of  December, 2012.

HALL BOOTH SMITH, P.C.


_____ */s/ Crystal D. Filiberto*
Rush S. Smith, Jr.
Georgia Bar No. 663362
Crystal D. Filiberto
Georgia Bar No. 383451
*Counsel for Defendant Kimberly Childs*

191 Peachtree Street, N.E.,
Suite 2900
Atlanta, Georgia 30303
P:  (404) 954-5000
F:  (404) 954-5020
rsmith@hallboothsmith.com
cfiliberto@hallboothsmith.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JULIE CHRISLEY, Individually and          :
as Major Owner of CHRISLEY               :
ASSET MANAGEMENT, LLC                    :
and PACIFIC DEVELOPMENT                   :
PARTNERS, LLC,                            :
                                          :
          Plaintiffs                      :        CIVIL ACTION FILE
                                          :        NO: 1:12-CV-03524-CAP
v.                                        :
                                          :
MARK BRADDOCK, LESLIE                    :
(HERSHBERGER )BRADDOCK,                   :
ALINA CLERIE, GRACE REALTY               :
GROUP, LLC, KEY ASSET                    :
SOLUTIONS, LLC; PRIVATE                  :
PEERING POINT, LLC,                      :
WATERCOLOR RETREAT, LLC,                 :
KIMBERLY A. CHILDS,                      :
JAMES  "STAGG" SHELTON,                  :
ARC AUTO BROKERS, LLC,                   :
VALENCIA WALKER, and                      :
STEVEN LINDSEY,                          :
                                          :
          Defendants.                    :

**CERTIFICATE OF FONT**

This is to certify that the within and foregoing pleading has been prepared

using Times New Roman, 14 point, font which has been approved by the Court in

L.R. 5.1C.

Respectfully submitted, this 7th day of December, 2012.

HALL BOOTH SMITH, P.C.

*/s/ Crystal D. Filiberto*
Rush S. Smith, Jr.
Georgia Bar No. 663362
Crystal D. Filiberto
Georgia Bar No. 383451
*Counsel for Defendant Kimberly Childs*

191 Peachtree Street, N.E.,
Suite 2900
Atlanta, Georgia 30303
P:  (404) 954-5000
F:  (404) 954-5020
rsmith@hallboothsmith.com
cfiliberto@hallboothsmith.com