UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIE CHRISLEY, individually and as majority owner of Chrisley Asset Management, LLC, and PACIFIC DEVELOPMENT PARTNERS, LLC, | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 1:12-CV-3524-CAP |
| MARK BRADDOCK; LESLIE (HERSHBERGER) BRADDOCK; ALINA CLERIE; GRACE REALTY GROUP, LLC; KEY ASSET SOLUTIONS, LLC; PRIVATE PEERING POINT, LLC; WATERCOLOR RETREAT, LLC; KIMBERLY A. CHILDS; ARC AUTO BROKERS, LLC; VALENCIA WALKER; STEVEN LINDSEY; and JAMES STAGG SHELTON; | |
| Defendants. | |

**O R D E R**

This matter is before the court on three separate motions for a more definite statement [Doc. Nos. 11, 14, 26] filed on behalf of eight of the twelve defendants in this action,[1] the plaintiffs' corresponding motions for extension

---

[1] Of the other four defendants, one has filed a motion to dismiss and the other three have not yet responded to the complaint.

of time to respond in opposition to two of those motions [Doc. Nos. 22–23], the plaintiffs' counsels' motion to withdraw [Doc. No. 38], and the plaintiffs' supplemental motion to extend the time for the Rule 26(f) meeting [Doc. No. 39].

## I. Introduction

The plaintiffs filed this action on October 9, 2012. The complaint itself weighs in at 69 pages and 152 paragraphs. Additionally, there are over 500 pages of exhibits attached to the complaint. The complaint contains eleven counts, beginning at page 34 and paragraph 74:

   I.  violation of the Georgia RICO statute (against all defendants),

  II.  tortious interference with business relations (against six defendants),

 III.  breach of fiduciary duty (against two defendants),

  IV.  trespass to chattels (against five defendants),

   V.  violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (against five defendants),

  VI.  fraud and accounting (against all defendants),

 VII.  violation of the Stored Communications Act, 18 U.S.C. § 2701 et seq. (against five defendants),

VIII.  violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq. (against four defendants),

   IX. violation of the Georgia Computer Systems Protection Act (against five defendants),

   X. forgery (against two defendants), and

   XI. attorneys fees and costs (against all defendants).

On November 7, multiple groups of defendants moved for a more definite statement, pursuant to Fed. R. Civ. P. 12(e) [Doc. Nos. 11, 14]. Another group moved for the same relief on December 3 [Doc. No. 26]. They argue, in essence, that the complaint is a quintessential shotgun pleading. On November 21, the plaintiffs moved for an extension of time to respond to these motions (and others), citing the impending withdrawal of plaintiffs' counsel [Doc. Nos. 22–23]. Alternatively, the plaintiffs' counsel included a brief response in opposition to the motions.

On December 10, 2012, the plaintiffs' counsel moved to withdraw from the action [Doc. No. 38].

## II. Analysis

### A. Motion to Withdraw

As an initial matter, the motion to withdraw [Doc. No. 38] is DENIED. Counsel for the plaintiffs, The Thompson Law Group, sent a letter on November 11, 2012, providing notice of its intent to withdraw from six currently pending lawsuits in various courts, including this action and two

3

others that are patently related to this one. *See* Ex. A to Mot. to Withdraw 1–2 [Doc. No. 38-1]. Counsel cites non-payment of fees as the reason for leaving the client. However, the plaintiffs' counsel may not bring its client to the door of the federal courthouse and drop them off unattended barely a month later. Until the plaintiffs obtain substitute counsel, the court will not permit withdrawal by current counsel.

### B.  Motions for More Definite Statement

First, because the court denied plaintiffs' counsel's motion to withdraw and because the plaintiffs provided a substantive—albeit brief—response to the motions for more definite statement, the court DENIES the motions for extension of time [Doc. Nos. 22–23]. As discussed below, the preview of the plaintiffs' opposition to the request to replead lack any merit, so there is no reason to give the plaintiffs additional time to formulate a longer response.

The complaint is, as the defendants argue, the quintessential shotgun pleading. "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Shotgun pleadings wreak havoc on the judicial system by diverting already stretched judicial resources into disputes that are not structurally prepared to utilize those resources efficiently. *Id.*

Each of the eleven counts incorporates the previous allegations then recites the elements of the basis for liability alleged. *E.g.*, Compl. ¶ 145 [Doc. No. 1] ("The averments, facts, allegations, and statements contained in all of Paragraphs 1 through 144 of this Complaint are hereby re-averred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein."). The key requirement of Rule 8 is that a defendant be put on notice of the specific facts that form the basis of each claim. The plaintiffs' complaint certainly could be clearer in this regard.

Bizarrely, plaintiffs' counsel cites nearly the same definition of a shotgun pleading in its response in opposition,[2] but then claims "[n]one of these conditions apply" to the complaint. *See* [Doc. No. 22, at 5]. Specifically, the plaintiffs cite Count VIII, violation of the ECPA, as complying with the rules and the law, yet this count begins with the same incorporation by reference every other count contains. Compl. ¶ 131 [Doc. No. 1] (containing identical language as the paragraph cited above). Further, Count VIII goes on to allege, "The [four] Defendants named in this count violated 18 U.S.C. §

---

[2] "The typical shotgun pleading is one that 'contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.'" [Doc. No. 22, at 4] (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293 (11th Cir. 2002)).

5

2511(1)(a) by intentionally intercepting and endeavoring to intercept Plaintiffs " wire and/or electronic communications to, from, and within their telephones and computers, *as alleged in detail above.*" *Id.* ¶ 134 (emphasis added). This generic reference to previous allegations, scores of pages above, is precisely the reason the plaintiffs must re-plead.

Moreover, the complaint shows other telltale signs of inattention and haste in preparation. First, the style of the complaint does not correlate with the allegations contained with it. In addition to the numbered and labeled counts within the body of the complaint, the style of the complaint also states that it is a "complaint for . . . fraud," "invasion of privacy," "theft," and "unjust enrichment." Compl. p. 1 [Doc. No. 1] (capitalization omitted). These pseudo-counts are mentioned nowhere else within the complaint. Second, the basis for subject matter jurisdiction is contradictory: "This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 (federal question)." Compl. ¶ 3 [Doc. No. 1]. But § 1332 is the *diversity* jurisdiction statute, not federal question. While the complaint may contain counts arising under federal law such that the court could have jurisdiction under § 1331,[3] "[s]tatutes purporting to confer federal subject matter jurisdiction must be

---

[3] The court does not hold that any of these counts under federal law state a claim for relief upon which relief may be granted. If they do not, the jurisdictional allegation rests on even shakier ground.

narrowly construed, with ambiguities resolved against the assumption of jurisdiction." *See Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368, 1373 (Fed. Cir. 1994). So, the plaintiffs' ambiguous invocation of the court's subject matter jurisdiction could be an additional basis for dismissal.

For these reasons, the court hereby GRANTS the defendants' motions for a more definite statement and DIRECTS the plaintiffs to file an amended complaint no later than January 4, 2013. In the amended complaint, the plaintiffs SHALL comply with the following directions:

1. They SHALL provide a factual background section with facts relevant to all claims, presented in logical order in individually numbered paragraphs.

2. Then, they SHALL allege each cause of action under a separate count. Immediately below each count heading, the plaintiffs SHALL specify which defendant(s) the count is against. The factual allegations listed under each count shall explain the basis for the accusation against that particular defendant. Under each count, the plaintiffs SHALL provide the relevant facts, including the approximate dates of significant relevant occurrences and the specific defendant (or named individual, when possible) that took certain actions, that they believe are unlawful and entitle them to relief. The

relevant facts SHALL also specify against which plaintiff the particular action was taken, where appropriate.

    4.    Each count of the amended complaint SHALL NOT reaffirm and reallege all factual allegations from the preceding counts, but instead, only the relevant paragraphs from the factual background section.

The plaintiffs are ADVISED that failure to comply with this order will result in dismissal of the action.

## III. Conclusion

The plaintiffs' counsel's motion to withdraw [Doc. No. 38] is DENIED.

The defendants' motions for a more definite statement [Doc. Nos. 11, 14, 26] are GRANTED. The plaintiffs' motions for extension of time to respond to those motions [Doc. Nos. 22–23] are DENIED. The plaintiffs are directed to file an amended complaint complying with the court's directions no later than January 3, 2013. Because the court orders repleading and there will be a new, operative complain, defendant Childs's motion to dismiss and the corresponding motion for extension of time to respond [Doc. Nos. 18, 21] are DISMISSED AS MOOT.

The supplemental motion for extension of time to hold the Rule 26(f) conference and submit the joint preliminary report [Doc. No. 39] is GRANTED. The parties must hold the conference and submit a

joint preliminary report and discovery plan no later than thirty days after the amended complaint is filed. Consequently, the plaintiffs' first motion for the same relief [Doc. No. 20] is DISMISSED AS MOOT.

**SO ORDERED** this 13th day of December, 2012.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge
