IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIE CHRISLEY, Individually and in her capacity as the majority owner of CHRISLEY ASSET MANAGEMENT, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> MARK BRADDOCK; ALINA CLERIE; ARC AUTO BROKERS, L.L.C. and PRIVATE PEERING POINT, L.L.C., d/b/a VOCALCLOUD <br><br> Defendants. | CIVIL ACTION FILE <br> NO: 1-12-CV-03524-CAP |

### KIMBERLY CHILDS' REPLY IN SUPPORT OF HER MOTION FOR SANCTIONS

COMES NOW, Kimberly Childs (hereinafter "Childs"), a previously named Defendant in the above-styled action, and files this, her Reply Brief in Support of her Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11(c) for failure to comply with Rule 11(b), showing this Honorable Court as follows:

### STATEMENT OF FACTS

On January 31, 2013, Plaintiffs moved to dismiss Childs without prejudice, and the Court granted the dismissal the same day. (See Dismissal, Docket No. 49.)

1

On February 7, 2013 the Court ordered Plaintiffs to show cause as to why the Motion for Sanctions should not be granted. (See Order, Docket No. 53.) As the Court recognized in its Order, Childs received partial relief, a dismissal without prejudice, but she still seeks an award of attorneys' fees and expenses for having to respond to the improper claims. (See Order, Docket No. 53.)

Plaintiff Julie Chrisley and The Law Offices of Bob Barr (the "Barr Firm") responded to the Motion for Sanctions on February 14, 2013. (See Response, Docket No. 55.) Their response argues only that the Barr Firm looked into the allegations once they were retained, and then dismissed Childs. Plaintiff Julie Chrisley provides no other evidence or rationale for the basis for the claims she asserted against Childs in the Complaint. In fact, Plaintiff Julie Chrisley concedes in her response that there was no "satisfactory legal grounding" for the claims against Childs. Essentially, Plaintiff Julie Chrisley and the Barr Firm point the finger at Chrisley's previous counsel, The Thompson Law Group, LLC.

Plaintiffs' other counsel, The Thompson Law Group, LLC filed a separate response on their own behalf on February 15, 2013. (See Opposition, Docket No. 56.) Not surprisingly, The Thompson Law Group, LLC points the finger back at Plaintiff Julie Chrisley and also toward the Receiver for Chrisley Asset Management, LLC, claiming they relied upon them for their frivolous claims

against Childs. Nothing in their response, however, provides them or Plaintiffs with a legitimate reason to escape the consequences for violating Rule 11.

The Court afforded Childs the opportunity to file a reply brief, and this reply is timely. (See Order, Docket No. 53.) For the reasons set forth herein, Childs asks the Court to grant her Motion for Sanctions.

## **ARGUMENT AND CITATION OF AUTHORITY**

Federal Rule of Civil Procedure 11(b) states:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

If a party violates Rule 11, the Court has the authority to issue sanctions pursuant to Rule 11(c) so long as the opposing part is given notice and an opportunity to respond. Here, the Complaint against Childs violates Rule 11(b) because it was filed for an improper purpose and the allegations are frivolous and unsupported by facts or law. Further, Plaintiffs were given notice and an opportunity to respond. Therefore, Childs respectfully requests that her Motion for Sanctions be granted.

## I. Plaintiffs Did Not and Cannot Present Sufficient Evidence that Their Claims were Filed for a Proper Purpose.

The evidence before the Court unequivocally demonstrates that Plaintiffs filed this case against Childs for improper purposes. First, as fully explained in Childs' original brief, Plaintiffs filed their claims against Childs in an effort to disqualify Childs as counsel for Mark Braddock in the parallel case pending in

<mark>
<mark>
</mark>
<mark>
</mark>

<mark>
</mark>

Fulton County Superior Court. Childs produced the emails supporting this contention with her original Brief.

In response, The Thompson Law Group (but not Plaintiffs) claims that the emails supporting this contention were sent on behalf of the Receiver and not his client. (See Opposition, Docket No. 56, p. 17-18.) However, the Receiver was acting on behalf of CAM and Ms. Chrisley brought this case on behalf of herself individually and as majority owner of CAM. The acts of the Receiver and the acts of Plaintiffs are not independent as The Thompson Law Group represents. Instead, they are directly attributable to the parties against whom Childs seeks sanctions. Further, The Thompson Law Group's purported reliance on its clients is suspect, particularly since the Receiver, Leland Nicholson, was removed by the Fulton County Court because he was unable to perform his duties in a way that is "unbiased and neutral." (See Order, attached as "Exhibit A," ¶ 5.)

To the extent that The Thompson Law Group claims that the absence of them filing a motion to disqualify Childs in any pending action casts doubt on our contention, this argument is deceiving. The Thompson Law Group said themselves that they moved to withdraw from the case because they were not being paid by the Plaintiffs and Plaintiffs' new counsel assumed control over the case. (See Opposition, Docket No. 56, p. 8.) Therefore, the fact that they did not prepare

and file additional pleadings in the parallel Fulton County case does not cast doubt on their motives but is more likely indicative of their inaction based on their clients' failure to pay fees.

Second, Plaintiffs used this lawsuit as an opportunity to forum shop. As stated previously, Plaintiffs received a series of unfavorable rulings in the Fulton County case, and indeed Plaintiffs continue to receive unfavorable rulings. In fact, Plaintiff Julie Chrisley has been found in contempt of that court and is pending a jury trial in that court on a separate issue.[1] (See Orders, attached as "Exhibit B.") It was ordered that if Plaintiff Julie Chrisley did not purge her contempt or post bond in anticipation of the jury trial she would be jailed. (See Orders, attached as "Exhibit B.")

Third, the finding that Plaintiffs' original Complaint was a "quintessential shotgun pleading" and required re-pleading also supports the finding that Plaintiffs filed the lawsuit against Childs for improper purposes. (See Order, Docket No. 40.) The Court also found the Complaint was prepared with "telltale signs of inattention and haste." (See Order, Docket No. 40.) The impropriety of the Complaint is further supported by the fact that when Plaintiffs, through the Barr Firm (not The Thompson Law Group), purportedly investigated and re-plead the

---

[1] These Orders have been appealed by Chrisley in the Fulton County case.

Complaint, they did not include any claims against Childs. (See Amended Complaint, Docket No. 51.)

In sum, Plaintiffs violated Rule 11 because they did not and cannot present any evidence that the claims they asserted against Childs were for a proper purpose. The Court should grant the Motion for Sanctions.

### II. Plaintiffs Did Not and Cannot Present Sufficient Evidence that Their Claims are not Frivolous

With the benefit of new counsel, Plaintiffs dismissed their claims against Childs without prejudice. (See Dismissal, Docket No. 49.) As stated in the Response of Julie Hughes Chrisley and The Barr Firm, they were "[u]nable to discern satisfactory legal grounding in the documents provided by the Thompson Law Group." (See Response, Docket No. 55, p. 6.) When the Complaint was re-pled pursuant to the Court's Order, Childs was not re-named as a party. (See Amended Complaint, Docket No. 51.) These undisputed facts support the finding that the claims initially made against Childs were not based on sufficient facts and evidence.

The Thompson Law Group, however, remarkably continues to maintain its position that Childs violated the Court's order when her client received a notification of appending wire transfer for $219,802.44. (See Opposition, Docket No. 56, p. 4-5.) But neither Plaintiffs nor The Thompson Law Group cite any

provision in the Order to support their allegations. Moreover, The Thompson Law Group continues to allege that Childs violated state and federal banking laws but refuse to specify these laws. (See Opposition, Docket No. 56, p. 5.) Again, it has since been determined by Plaintiffs, through new counsel, that there is insufficient evidence to support these claims against Childs in the Amended Complaint.

To the extent that there is a red herring in this case, it is these allegations against Childs in the midst of this larger business dispute. Plaintiffs try to caste the blame on Childs and her client for discovering the wire transfer, however, Plaintiffs were the ones violating the Fulton County Court's Order. It cannot be overlooked that the behavior the Plaintiffs are complaining of is the very behavior that brought their violation of the Fulton County Court's order to light. If the notification was not sent to Childs' client when it was, Plaintiffs' improper wire transfer of $219,802.44 may have never been discovered. This wire transfer is still being litigated in the parallel Fulton County Case, which has since resulted in an order finding Ms. Chrisley in contempt and an order setting of a jury trial. (See Orders, attached as "Exhibit B.")

To the extent The Thompson Law Group argues they performed an independent evaluation of evidence before filing the lawsuit by speaking with Julie Chrisley and former Receiver Mr. Nicholson, their sources were unreliable. First,

since Childs filed her initial Brief in Support of her Motion for Sanctions the Fulton County Court found Ms. Chrisley in contempt of court. (See Orders, attached as "Exhibit B.") Second, evidence was introduced in the Fulton County Court case that Ms. Chrisley offered false testimony regarding the wire transfer at issue here. (See Affidavit of Kimberly Childs, attached as "Exhibit C.") Third, as mentioned above, the Receiver, Mr. Nicholson, was found to be biased and incapable of being neutral. (See Order, attached as "Exhibit A," ¶ 5.) This allegedly independent evaluation was insufficient considering both the factual allegations and legal elements required for the claims against Childs.

The Thompson Law Group repeatedly refers the Court to the pleadings filed by Childs on behalf of her client, Mark Braddock, in the parallel Fulton County case disclosing the evidence of the improper wire transfer, however, The Thompson Law Group still fails to provide sufficient information to explain how that evidence supports the claims of RICO, Fraud and Accounting and Attorneys' Fees and Costs against Childs. Plaintiffs knew or should have known at the time they signed the Complaint against Childs that the claims were frivolous. There simply was never sufficient evidence to support claims against Childs for RICO, Fraud and Accounting and Attorneys' Fees and Costs, and these claims should never have been made. By asserting them – and refusing the safe harbor provided

by Rule 11 – Plaintiffs and their counsel willingly exposed themselves to the consequences of Rule 11. The Court should grant the Motion for Sanctions due to their blatant disregard for the prohibitions of Rule 11.

## CONCLUSION

Childs argued from the beginning that these claims against her were frivolous and without merit and Plaintiffs failed to overcome this contention. All of the evidence, including the decision not to re-allege these claims against Childs in the Amended Complaint, the discovery of Mrs. Chrisley's fraudulent testimony in the Fulton County case and Mr. Nicholson's bias, further support her position. Accordingly, based on the foregoing and Childs' Brief in Support of her Motion for Sanctions, Plaintiffs claims against Childs are frivolous and filed for improper purposes. Given that Plaintiffs violated Rule 11, Plaintiffs should be sanctioned for failing to comply with Rule 11(b).

WHEREFORE, because the Plaintiffs' violated Rule 11, Childs respectfully requests that this Court GRANT this Motion and award Childs' attorneys' fees and expenses pursuant to Federal Rule of Civil Procedure 11(c)(4).

Respectfully submitted this 27th day of February, 2013.

HALL BOOTH SMITH, P.C.

*/s/ Crystal D. Filiberto*
Rush S. Smith, Jr.
Georgia Bar No. 663362
Crystal D. Filiberto
Georgia Bar No. 383451
*Counsel for Kimberly Childs*

191 Peachtree Street, NE.
Suite 2900
Atlanta, Georgia  30303
P: (404) 954-5000
F: (404) 954-5020
rsmith@hallboothsmith.com
cfiliberto@hallboothsmith.com

11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIE CHRISLEY, Individually and in her capacity as the majority owner of CHRISLEY ASSET MANAGEMENT, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> MARK BRADDOCK; ALINA CLERIE; ARC AUTO BROKERS, L.L.C. and PRIVATE PEERING POINT, L.L.C., d/b/a VOCALCLOUD <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : CIVIL ACTION FILE <br> : NO: 1-12-CV-03524-CAP <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANT KIMBERLY A. CHILDS' REPLY IN SUPPORT OF HER MOTION FOR SANCTIONS** upon all parties to this matter via CM/ECF as follows:

Robert T. Thompson
Thompson Law Group, LLC
P.O. Box 53484
3423 Piedmont Road
Ivy Place, Suite 530
Atlanta, Georgia 30355

Robert L. Barr, Jr.
3101 Towncreek Pkwy
Suite 150
Atlanta, GA 30339

| | |
|---|---|
| Michael F. Hanson<br>The Hanson Firm, LLC<br>3350 Riverwood Parkway, Suite 1900<br>Atlanta, Georgia  30339 | Kevin A. Maxim<br>The Maxim Law Firm, P.C.<br>1718 Peachtree Street, N.W.<br>Suite 599<br>Atlanta, Georgia 30309 |
| Todd H. Stanton<br>Stanton Law, LLC<br>1579 Monroe Drive, Suite F-206<br>Atlanta, Georgia 30324 | Warren Carl Lietz, III<br>Kish & Lietz, P.C.<br>1700 South Tower<br>225 Peachtree Street, NE<br>Atlanta, GA 30303 |

This 27th day of February, 2013.

HALL BOOTH SMITH, P.C.

**/s/ Crystal D. Filiberto**
Rush S. Smith, Jr.
Georgia Bar No. 663362
Crystal D. Filiberto
Georgia Bar No. 383451
*Counsel for Kimberly Childs*

191 Peachtree Street, N.E.,
Suite 2900
Atlanta, Georgia 30303
P:  (404) 954-5000
F:  (404) 954-5020
rsmith@hallboothsmith.com
cfiliberto@hallboothsmith.com

13

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JULIE CHRISLEY, Individually and in her capacity as the majority owner of CHRISLEY ASSET MANAGEMENT, L.L.C., | : : : : : : | |
| Plaintiffs, | : : | CIVIL ACTION FILE NO: 1-12-CV-03524-CAP |
| vs. | : : : | |
| MARK BRADDOCK; ALINA CLERIE; ARC AUTO BROKERS, L.L.C. and PRIVATE PEERING POINT, L.L.C., d/b/a VOCALCLOUD | : : : : : | |
| Defendants. | : | |

## **CERTIFICATE OF FONT**

This is to certify that the within and foregoing pleading has been prepared using Times New Roman, 14 point, font which has been approved by the Court in L.R. 5.1C.

Respectfully submitted, this 27th day of February, 2013.

                                      HALL BOOTH SMITH, P.C.
                                      **/s/ Crystal D. Filiberto**
                                      Rush S. Smith, Jr.
                                      Georgia Bar No. 663362
                                  Crystal D. Filiberto
                                      Georgia Bar No. 383451
                                  *Counsel for Kimberly Childs*

191 Peachtree Street, N.E.,
Suite 2900
Atlanta, Georgia 30303
P: (404) 954-5000
F: (404) 954-5020
rsmith@hallboothsmith.com
cfiliberto@hallboothsmith.com