**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

FILED IN OFFICE

OCT 30 2012

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

JULIE CHRISLEY and CHRISLEY )
ASSET MANAGEMENT, LLC, )
 )
    Plaintiffs, )  CIVIL ACTION FILE
 )
v. )  NO. 2012-CV-219963
 )
MARK BRADDOCK and )
ALINA CLERIE, )
 )
 )
    Defendants. )

## ORDER REMOVING LELAND NICHOLSON AS RECEIVER AND APPOINTING ADAM BROWN AS RECEIVER FOR CHRISLEY ASSET MANAGEMENT, LLC

    This matter came before the Court on Defendant Mark Braddock's Motion to Remove the Receiver for Chrisley Asset Management, LLC with Incorporated Memorandum of Law (the "Receivership Motion") seeking to remove Leland Nicholson as the receiver for Chrisley Asset Management, LLC ("CAM") and to appoint Adam Brown as the new receiver for CAM.  The Court held a hearing on October 22, 2012 with all parties appearing through their counsel.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

    The Court, having considered the Receivership Motion, the supporting pleadings, the documents submitted to the Court by Leland Nicholson, arguments by counsel, and all other matters of record, hereby makes the following findings of fact and conclusions of law:

    1.    The Court has jurisdiction over this matter for the reasons argued by Defendant Mark Braddock at the hearing on October 22, 2012.

    2.    On August 15, 2012, the presiding judge appointed Leland Nicholson as a receiver for CAM after an emergency hearing.



EXHIBIT
A

3.     On October 9, 2012, Defendant Mark Braddock filed the Receivership Motion seeking to remove Leland Nicholson as the receiver for CAM and appoint Adam Brown as a new receiver.

4.     In a letter to the Court dated October 18, 2012, Leland Nicholson represented to the Court that he was unwilling and unable to continue operating as the receiver for CAM.

5.     While the Court does not accept the purported resignation of Leland Nicholson as the receiver for CAM, the Court finds that Leland Nicholson is unable to discharge his duties as a receiver in a manner that is unbiased and neutral.

6.     It is no longer in the best interest of CAM for Leland Nicholson to continue to act as its receiver.

7.     At the hearing on October 22, 2012, none of the parties objected to the removal of Leland Nicholson as the receiver for CAM.

8.     Accordingly, the Court removes Leland Nicholson as the receiver for CAM and relieves him of all of his duties, responsibilities, and authority to act on behalf of CAM, effective immediately.

9.     The Court finds that the rights of the parties to this lawsuit cannot be otherwise fully protected and that due to the nature of the dispute among the parties, there is no one to manage the business operation of CAM. Thus, the Court finds that grounds for the original appointment of a receiver are still present and the appointment of a new receiver is necessary.

10.    The appointment of a receiver is within the Court's discretion.

11.    After inquiry, it appears that none of the parties or their attorneys has any pre-existing relationship with Adam Brown.

2

12.     At the hearing on October 22, 2012, none of the parties objected to the appointment of Adam Brown as a receiver for CAM.

### ORDER

Based upon the foregoing, the Receivership Motion, and all other matters of record in this case, IT IS HEREBY ORDERED AS FOLLOWS:

1.     Leland Nicholson is removed as receiver for Chrisley Asset Management, LLC ("CAM") for good cause shown. This Order does not terminate Mr. Nicholson's status as an employee of CAM, subject to any contrary decision by the new receiver appointed herein.

2.     Adam Brown, in his capacity as an employee of GlassRatner Management & Realty Advisors LLC, whose address is 3391 Peachtree Road, Suite 110, Atlanta, Georgia 30326, has extensive experience and expertise as a court-appointed receiver and is and has been qualified at all times to serve as a receiver. Accordingly, Adam Brown (the "Receiver") is hereby appointed as the new receiver for CAM for the sole purpose of managing the day-to-day operations of CAM until further order of the Court.

3.     Upon entry of this Order, except as limited by this Order, the Receiver shall have all powers available under applicable law to a Receiver, including, without limitation, the powers and responsibilities listed in this Order.

4.     The Receiver is to manage the day-to-day operations of CAM in accordance with the parameters set forth in this Order.

5.     The Receiver shall take immediate control of the business operations of CAM and act as an officer of the Court according to Georgia law. The Receiver's authority with respect to the business operations of CAM shall supersede that of any other individual, member, manager, officer, director, employee, contractor, representative, or other agent of CAM, and no one other

3

than the Receiver shall have any further authority to act with respect to or on behalf of the business operations of CAM.

6.      Leland Nicholson, or any other individual in possession thereof, shall immediately deliver any assets and interests of CAM, all keys, all books, records, checkbooks, ledgers, accounts payable and accounts receivable records, leases, rent rolls, contracts, proposals, reports, insurance policies and certificates, plans, specifications, technical manuals, operating procedures, warranties, records required to be kept under applicable laws, and all other documents, items, and things whatsoever related to CAM to the Receiver.   However, this shall not apply to the property that is the subject of the lawsuit styled *Private Peering Point, LLC d/b/a VocalCloud, et al. v. Leland "Lee" Nicholson, et al.,* Superior Court of Fulton County, Georgia, Case Number 2012CV222792, as that property is being handled in that proceeding.

7.      The Receiver is authorized to take possession and control of (a)  all real, personal, tangible, and intangible property, (b) all rights and interests, whether legal or equitable, of CAM, wherever located, by whomever held, choate or inchoate, fixed or contingent, and liquidated or not, and (c) all documents, books, records, papers and accounts relating thereto, and any receivables, bank accounts, actions and choses in action, and all other assets of CAM of any kind and every kind, character, and description, wherever the same may be located or found and used in connection with the operation of CAM.

8.      The Receiver is to take control of all bank accounts, brokerage accounts, or trade accounts operated by CAM or Leland Nicholson, on behalf of CAM, and/or to open bank accounts, brokerage accounts, or trade accounts, and to deposit sums received by the Receiver in a financial institution insured by the federal government in the name of the Receiver, to write checks, and make withdrawals on such accounts, subject to the terms of this Order (hereafter

"CAM Accounts"). The Receiver is specifically authorized to write checks and make payments out of the CAM Accounts in accordance with this Order as follows: (1) for payment of the Receiver's compensation; (2) for payment of all reasonable costs and expenses incurred by the Receiver in the performance of his duties; and (3) for payment of all costs and expenses associated with the business operations of CAM, EXCEPT to the extent that such payment is made to any member of CAM, or any entity known by the Receiver to be affiliated with any member of CAM, and the payment is made without prior notice to the parties and approval of the Court. Within five (5) days of the date of entry of this Order, the parties will notify the Receiver in writing of any and all entities affiliated with them, including but not limited to (a) any entity in which they or members of their immediate family hold any type of ownership interest, or (b) any entity in which they or members of their immediate family exercise any level of control over the finances.

9.      The Receiver is to be the sole signer on all CAM bank, brokerage, and/or trade accounts, including, but not limited to CAM's bank account at JPMorgan Chase Bank, N.A. ending in -0028.

10.      Leland Nicholson is to be removed as a signor on any of CAM's bank accounts and may no longer have access to those accounts, including, but not limited to CAM's bank account at JPMorgan Chase Bank, N.A. ending in -0028.

11.      The Receiver will use his best efforts to cooperate with counsel for all parties to the extent it does not interfere or conflict with the orderly performance of his obligations under this Order and is in the best interest of CAM, and it is the Court's intent that the Receiver be transparent with all parties as to the actions of the Receiver.   For example, any information that the Receiver provides to counsel for one party must be provided to counsel for the other parties.

5

12.    The Receiver is to have the power to hire and fire managers, accountants, contractors, subcontractors, engineers, consultants, vendors, brokers, employees, professionals, including attorneys, and other agents, as the Receiver deems appropriate to perform any of his duties hereunder.

13.    The Receiver shall have continuing access to mail and other correspondence to and from CAM.

14.    On behalf of CAM, the Receiver is authorized to bring suit and/or dismiss any lawsuits filed by or on behalf of CAM, as the Receiver deems to be in the best interest of CAM.

15.    The Receiver has the authority to take reasonable actions to ensure that he complies with all laws applicable to the operation of CAM as provided under any laws of the United States, the State of Georgia, or otherwise.

16.    Subject to the terms of this Order, the Receiver has the authority to do any acts which the Receiver, in his reasonable judgment deems appropriate or desirable to protect, preserve, or operate CAM and to protect the interests of all of its creditors and members.

17.    Within a reasonable time after entry of this Order, the Receiver shall provide the Court and the parties with the Receiver's budget of the anticipated income and expenses of the receivership for a period of not less than six (6) months.  The parties shall have ten (10) business days after receipt of any proposed budget to either give the Receiver its written acceptance of the same or deliver its written disapproval, with specific objections noted in said disapproval.  In the event that any budget is so disapproved by the parties or the Court, the Receiver will continue to work with the parties until an acceptable budget is completed and filed with the Court.  The Court will consider any objections raised by the parties, order any required modifications, and approve the budget subject to any ordered modifications.

6

18.     The Receiver is to report in writing to the Court on a bi-weekly basis. The Receiver's reports shall include an accounting of all monies collected and all expenses paid during the period week, anticipated revenue and expenses, an itemization of assets and liabilities, and the Receiver shall file said report with the Court and serve upon counsel for all parties hereto a copy of said report (the "Report"). As part of the Report, the Receiver shall also notify the Court and all parties of any lawsuits, other legal actions and legal proceedings, legal notices and complaints filed with any court, regulatory or other agency or other governmental authority with respect to CAM upon receipt of notice of same. The bi-weekly reporting shall include the status of any such legal proceedings. The Receiver shall provide a final Accounting to the parties within forty-five (45) days after the termination of the receivership.

19.     The Receiver is to be compensated pursuant to an hourly billing arrangement at $300.00/hour, plus reimbursement of customary out-of-pocket expenses, in lieu of the statutory method of receiver compensation pursuant to O.C.G.A. § 9-8-13.

20.     The Receiver may, in his sole and absolute discretion, resign his office as receiver by providing not less than thirty (30) days written notice to the parties (a "Resignation Notice") and by filing such Resignation Notice with the Court and serving the Resignation Notice on the parties.

21.     The receivership for CAM should not terminate except upon further order of the Court. Thus, in the event of a Resignation Notice, the parties shall immediately attempt to agree upon a replacement receiver. If the parties fail to agree upon a replacement receiver within seven (7) days upon receiving the Resignation Notice, the parties consent to the Court appointing a replacement receiver. In no event, shall CAM operate without a receiver.

22.     The Court shall retain jurisdiction and supervision of all matters concerning the

7

Receiver and the receivership.

23.     The Receiver may seek instructions and additional authority from the Court upon written notice to the parties.

24.     The Court, in its discretion, determines that the Receiver is not required to give or post a bond under O.C.G.A. § 9-8-10.

25.     The Receiver is specifically authorized to engage attorneys, accountants or other professionals to represent and advise the Receiver in the performance of his duties under this Order and to make payments to the engaged professionals for services rendered from the CAM Accounts as set forth in paragraph eight (8) herein.

26.     Given the urgency of the situation to appoint the Receiver and the limited timeframe for the Receiver to review the operations of CAM prior to this engagement, CAM agrees  and the Court specifically Orders that the Receiver will only be liable to the parties in this lawsuit – and not to any third parties – for  damages suffered or incurred as a direct and proximate result of intentional actions or gross negligence of the Receiver relating specifically to the performance of his duties under this Order.

27.     Nothing contained within this Order, nor the grant or exercise of any powers provided for herein by the Receiver shall cause said Receiver to be considered a past or present owner, operator or other potentially responsible or liable party pursuant to any statutory, regulatory, common law or strict liability theory.

CAM  will defend and indemnify the Receiver for, and hold the Receiver harmless from, any loss, cost or damage suffered or incurred by Receiver as a result of the Receiver performing his duties pursuant to this Order or any claims asserted against Receiver by third parties arising from or related to the performance of Receiver's duties under this Order.

8

SO ORDERED this __30__ day of __October__, 2012, nunc pro tunc October 22,

2012.

The Honorable Alford J. Dempsey, Jr.
Judge, Superior Court of Fulton County

Prepared and presented by:

Kimberly A. Childs
Ga. Bar No. 424666
2727 Paces Ferry Road
Suite 1-225
Atlanta, Georgia 30339
(770) 319-9100
(770) 805-8050 (facsimile)
kchilds@bizdisputeattorney.com
Counsel for Mark Braddock

9

Distribution List:

Kimberly A. Childs, Esq.
2727 Paces Ferry Road
Suite 1-225
Atlanta, Georgia 30339
kchilds@bizdisputeattorney.com

Todd H. Stanton, Esq.
Stanton Law LLC
1579 Monroe Drive
Suite F206
Atlanta, Georgia 30324
todd.stanton@stantonlawllc.com

Scott D. Sanders, Esq.
Scott D. Sanders, P.C.
1348 Ponce de Leon Avenue
Atlanta, Georgia 30306
scott@entlaw.com

Robert Thompson, Jr.
Thompson Law, LLC
3423 Piedmont Road NE
Suite 530
Atlanta, Georgia 30305
Rthompson@thomlaw.net

Kevin A. Maxim, Esq.
The Maxim Law Firm, P.C.
1718 Peachtree St. N W
Suite 599
Atlanta, Georgia 30309
kmaxim@maximlawfirm.com

Adam Brown
3391 Peachtree Road NE
Suite 110
Atlanta, Georgia 30326
abrown@glassratner.com

GEORGIA, FULTON COUNTY
I, DO CERTIFY THAT THE WITHIN AND FOREGOING IS A TRUE,
COMPLETE AND CORRECT COPY OF THE ORIGINAL IN SAID
CASE, AS APPEARS BY THE ORIGINAL ON FILE IN THE OFFICE
OF THE CLERK OF FULTON SUPERIOR COURT, CONSISTING
OF_____10_____ PAGES.
WITNESS MY HAND AND THE SEAL OF SAID COURT THIS THE
____27____DAY OF ____Feb____, 20_13_

DEPUTY CLERK, FULTON COUNTY SUPERIOR COURT
Cathelene Robinson
CLERK OF THE SUPERIOR COURT
OF FULTON COUNTY, GEORGIA