IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JULIE CHRISLEY and CHRISLEY ASSET MANAGEMENT, LLC, | ) ) ) ) CIVIL ACTION FILE ) ) ) NO. 2012-CV-219963 ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| MARK BRADDOCK and ALINA CLERIE, | |
| Defendants. | |

## ORDER GRANTING MOTION FOR CONTEMPT

This matter came before the Court on Defendant Mark Braddock's Motion for Contempt and Defendant Mark Braddock's Response to Plaintiff Julie Chrisley's Submission Regarding Order on Motion for Contempt and Renewed Motion for Contempt (together referred to herein as the "Motion for Contempt") and Julie Chrisley's Demand for Jury Trial Under O.C.G.A. § 15-1-4(b). The Court held a hearing on February 13, 2013, during which the Court heard argument from counsel for Plaintiff Julie Chrisley[1] and counsel for Defendant Mark Braddock. Plaintiff Julie Chrisley did not appear.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, having considered the Motion for Contempt, the Demand for Jury Trial, the supporting pleadings, the documents submitted to the Court by Julie Chrisley, arguments by

---

[1] The Court notes that prior to hearing argument on the Motion for Contempt and Demand for Jury Trial, the Court allowed Thompson Law Group, Robert Thompson, Jr., Jefferson Adams, Frederick Bauerlein, and Kirk Henson to withdraw as counsel for Plaintiff Julie Chrisley. On January 25, 2013, Mark V. Spix and Stephen M. Friedberg entered an appearance for the limited purpose of representing Julie Chrisley on the Motion for Contempt and Receiver's Request to File Bankruptcy. Stephen M. Friedberg appeared on behalf of Julie Chrisley at the hearing on February 13, 2013.

EXHIBIT B

counsel, and all other matters of record, hereby makes the following findings of fact and conclusions of law:

1. On October 22, 2012, the Court held a hearing on Defendant Mark Braddock's Motion for Contempt due to Julie Chrisley's failure to return the $219,802.44 transferred out of the Chrisley Asset Management, LLC's ("CAM") bank account to Julie Chrisley.

2. In response to the Motion for Contempt, Julie Chrisley claimed she was financially unable to comply with the Court's order.

3. On October 30, 2012, the Court entered an order, nunc pro tunc October 22, 2012, expressly directing Julie Chrisley to produce specific categories of documents regarding her alleged financial inability to return the $219,802.44 (the "Order to Produce Financial Records").

4. During that hearing, the Court notified all counsel that if Julie Chrisley needed additional time to comply with the Order to Produce Financial Records, the Court would grant her additional time.

5. On November 9, 2012, Julie Chrisley asked the Court for additional time to comply with the Court's Order to Produce Financial Records.

6. No party objected to Julie Chrisley's request for additional time.

7. On November 19, 2012, Julie Chrisley submitted to the Court certain financial records and documents. Specifically, Julie Chrisley submitted one email, one unauthenticated spreadsheet, and unauthenticated copies of certain checks. However, Julie Chrisley's submission was grossly deficient in that she did not provide anywhere near what the Order to Produce Financial Records required her to produce. For example (but not intended to be an exhaustive itemization of the deficiencies in her submission), the documents she submitted were not in the form of admissible evidence, she did not produce any bank statements, she did not produce any

financial statements as to her net worth, and she did not produce any evidence of her assets or liabilities.

8. On December 11, 2012, Julie Chrisley filed a notice advising the Court that she intended to supplement her submission. Julie Chrisley represented to the Court that she would submit additional documents by December 14, 2012.

9. No party objected to Julie Chrisley supplementing her submission.

10. Julie Chrisley did not supplement her November 19, 2012 submission and to date has failed to produce anywhere near what the Court ordered.

11. After December 11, 2012, Julie Chrisley did not seek any additional time to comply with the Court's Order to Produce Financial Records.

12. The Court finds that Julie Chrisley had the ability to comply with the Order to Produce Financial Records, if she wanted to. For example, Julie Chrisley could have easily downloaded her bank statements from her bank and submitted them.

13. The Court also finds that Julie Chrisley was able to actively participate in prosecuting claims in other litigation matters, which indicates her ability to have participated in complying with the Order to Produce Financial Records, if she wanted to. For example, (a) on August 14, 2012, Julie Chrisley filed this lawsuit; (b) on August 15, 2012, Julie Chrisley appeared in Court to try to get a temporary restraining order; (c) on September 24, 2012, Julie Chrisley filed several improper lis pendens; (d) on September 27, 2012, Julie Chrisley (through an entity she controls) filed another lawsuit in Fulton County Superior Court against Defendant Mark Braddock; (e) on October 9, 2012, Julie Chrisley filed a 71 page Complaint (with 500+ pages of exhibits) in federal court against Defendants Mark Braddock and Alina Clerie, as well as numerous other defendants; (f) on November 28, 2012 Julie Chrisley sent an itemized list of

3

property that she contended Defendant Mark Braddock stole from her to Detective Ruff with the Roswell Police Report; (g) on December 28, 2012, Julie Chrisley sought a continuance in federal court after being ordered to amend her Complaint; (h) on February 4, 2013, Julie Chrisley filed a forty page amended complaint in the federal action; and (i) on February 8, 2013, Julie Chrisley filed two motions to quash in this case.

14. On January 25, 2013, Julie Chrisley demanded a jury trial pursuant to Georgia Code Section 15-1-4(b).

15. The Court finds that the issue of Julie Chrisley's failure to comply with the Court's Order to Produce Financial Records does not warrant a jury trial pursuant to Georgia Code Section 15-1-4(b) because the Order to Produce Financial Records does not involve the failure or refusal to pay over money due to such money not being within her power, custody, or control.

16. The Court finds that Julie Chrisley intentionally and willfully failed to produce the documents that the Court ordered her to produce in the Order to Produce Financial Records.

## ORDER

Based upon the foregoing, all the matters of record, and the Court having held a hearing where it considered argument from counsel, and for good cause shown, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court DENIES Julie Chrisley's demand for a jury trial with regard to her failure to comply with the Order to Produce Financial Records.

2. The Court hereby GRANTS Defendant Mark Braddock's motion with respect to Julie Chrisley's failure to comply with the Order to Produce Financial Records.

3.  The Court hereby finds Julie Chrisley in contempt for her failure to comply with the Order to Produce Financial Records.

4.  In light of the Court's ignorance as to Julie Chrisley's medical condition (due to Julie Chrisley not providing any documentation of her alleged medical condition), the Court will allow her until February 20, 2013 to purge herself of contempt by producing all documents identified in the Order to Produce Financial Records.

5.  The Court further orders that if Julie Chrisley does not purge herself and comply completely by producing all documents identified in the Order to Produce Financial Records by 5:00 p.m. on February 20, 2013, the Fulton County Sheriff is ordered to take Julie Chrisley into custody and confine her in the Fulton County Jail until she complies with this Order.

6.  In the event that Julie Chrisley asserts that she cannot comply with the Order to Return Funds due to any purported medical issues, Julie Chrisley must produce admissible evidence to convince the Court that her medical condition is of such a serious nature that she is unable to comply.

SO ORDERED this 21 day of February, 2013, nunc pro tunc February 13, 2013.

_____
The Honorable Alford J. Dempsey, Jr.
Judge, Superior Court of Fulton County

Prepared and presented by:

Kimberly A. Childs
Ga. Bar No. 424666
2727 Paces Ferry Road
Suite 1-225
Atlanta, Georgia 30339
(770) 319-9100
(770) 805-8050 (facsimile)
kchilds@bizdisputeattorney.com
Counsel for Mark Braddock


Reviewed by:

Stephen M. Friedberg, Esq.
Stephen M. Friedberg, Attorney at Law, LLC
The Adrian Lowell Building
3975 Roswell Road, N.E.
Atlanta, Georgia 30342
sfriedberg@bellsouth.net
Counsel for Julie Chrisley

Distribution List:

Kimberly A. Childs, Esq.
2727 Paces Ferry Road
Suite 1-225
Atlanta, Georgia 30339
kchilds@bizdisputeattorney.com

Todd H. Stanton, Esq.
Stanton Law LLC
1579 Monroe Drive
Suite F206
Atlanta, Georgia 30324
todd.stanton@stantonlawllc.com

Kevin A. Maxim, Esq.
The Maxim Law Firm, P.C.
1718 Peachtree St. N W
Suite 599
Atlanta, Georgia 30309
kmaxim@maximlawfirm.com

Bryan E. Busch, Esq.
Busch, Slipakoff & Schuh, LLP
3330 Cumberland Boulevard
Suite 300
Atlanta, Georgia 30339
b.busch@bssfirm.com

Mark V. Spix, Esq.
Mark V. Spix, PC
The Adrian Lowell Building
3975 Roswell Road, N.E.
Atlanta, Georgia 30342
spix@bellsouth.net

Stephen M. Friedberg, Esq.
Stephen M. Friedberg, Attorney at Law, LLC
The Adrian Lowell Building
3975 Roswell Road, N.E.
Atlanta, Georgia 30342
sfriedberg@bellsouth.net




FILED IN OFFICE
FEB 21 2013
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

### IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| JULIE CHRISLEY and CHRISLEY ASSET MANAGEMENT, LLC, ) ) ) Plaintiffs, ) ) v. ) ) MARK BRADDOCK and ALINA CLERIE, ) ) ) ) Defendants. ) | CIVIL ACTION FILE<br><br>NO. 2012-CV-219963 |

### ORDER

This matter came before the Court on Defendant Mark Braddock's Motion for Contempt and Defendant Mark Braddock's Response to Plaintiff Julie Chrisley's Submission Regarding Order on Motion for Contempt and Renewed Motion for Contempt (together referred to herein as the "Motion for Contempt") and Plaintiff Julie Chrisley's Demand for Jury Trial Under O.C.G.A. § 15-1-4(b). The Court held a hearing on February 13, 2013 during which the Court heard argument from counsel for Julie Chrisley[1] and Mark Braddock. Julie Chrisley did not appear.

---

[1] The Court notes that prior to hearing argument on the Motion for Contempt and Demand for Jury Trial, the Court allowed Thompson Law Group, Robert Thompson, Jr., Jefferson Adams, Frederick Bauerlein, and Kirk Henson to withdraw as counsel for Plaintiff Julie Chrisley. On January 25, 2013, Mark V. Spix and Stephen M. Friedberg entered an appearance for the limited purpose of representing Julie Chrisley on the Motion for Contempt and Receiver's Request to File Bankruptcy. Stephen M. Friedberg appeared on behalf of Julie Chrisley at the hearing on February 13, 2013.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, having considered the Motion for Contempt, the Demand for Jury Trial, the supporting pleadings, the documents submitted to the Court by Julie Chrisley, arguments by counsel, and all other matters of record, hereby makes the following findings of fact and conclusions of law:

1. At a hearing on October 2, 2012, the Court ordered Julie Chrisley to return the $219,802.44 she received from Chrisley Asset Management, LLC ("CAM"). A written order was filed on October 3, 2012, and an amended order correcting a scriveners error was filed on October 4, 2012 (the "Order to Return Funds").

2. On October 22, 2012, the Court held a hearing on Defendant Mark Braddock's Motion for Contempt due to Julie Chrisley's failure to comply with the Order to Return Funds.

3. In response to the Motion for Contempt, Julie Chrisley claimed she was financially unable to comply with the Court's order.

4. The $219,802.44 has not been returned to CAM.

5. On December 5, 2012, Defendant Mark Braddock filed his renewed motion for contempt, asking the Court to hold Julie Chrisley in contempt of court for her refusal to comply with the Order to Return Funds.

6. The Court issued a rule nisi setting a hearing on the Motion for Contempt for February 13, 2013.

7. On January 25, 2013, counsel for Julie Chrisley demanded a jury trial on the issue of her contempt pursuant to Georgia Code Section 15-1-4(b).

8. In response to Julie Chrisley's demand for a jury trial, Defendant Mark Braddock argued that Julie Chrisley waived any right to a jury trial, citing *Affanto v. Considine*, 305 Ga.

2

App. 755 (2010), as authority that the right to a jury trial pursuant to Georgia Code Section 15-1-4(b) can be waived implicitly through conduct.

9. While the Court agrees with the general proposition that this particular statutory right to a jury trial may be implicitly waived through conduct, the Court finds that Julie Chrisley's conduct did not rise to the level necessary to establish such a waiver.

10. The Court finds that Julie Chrisley did not waive her right to a jury trial.

Based upon the foregoing, all matters of record, and the Court having held a hearing where it considered argument from counsel, and for good cause shown, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court hereby GRANTS Julie Chrisley's demand for a jury trial.

2. The Court will set a jury trial on the issue of Julie Chrisley's financial inability to comply with the Court's previous order requiring Julie Chrisley to return the $219,802.44 she received from CAM.

3. Pursuant to Georgia Code Section 15-1-4(b)(2), the Court orders that Julie Chrisley post a bond in the amount of $219,802.44 to ensure her appearance at the jury trial.

4. Pursuant to Georgia Code Section 17-6-1(e), bond in the amount of $219,802.44 is reasonable to ensure Julie Chrisley's appearance at trial because, among other reasons, Julie Chrisley has not fully complied with previous orders entered by the Court, $219,802.44 is the amount that was transferred to Julie Chrisley, and $219,802.44 is the amount that has not been returned to CAM.

5. Julie Chrisley shall pay the bond in the amount of $219,802.44 before February 20, 2013 at 5:00 p.m.

6. If Julie Chrisley fails to pay the bond in the amount of $219,802.44 before 5:00

3

p.m. on February 20, 2013, the Court hereby orders that the Fulton County Sheriff commit Julie Chrisley to the Fulton County jail for safekeeping until trial.

SO ORDERED this 21 day of February, 2012, nunc pro tunc February 13, 2013.

_____
The Honorable Alford J. Dempsey, Jr.
Judge, Superior Court of Fulton County

Prepared and presented by:

Kimberly A. Childs
Ga. Bar No. 424666
2727 Paces Ferry Road
Suite 1-225
Atlanta, Georgia 30339
(770) 319-9100
(770) 805-8050 (facsimile)
kchilds@bizdisputeattorney.com
Counsel for Mark Braddock

Reviewed by:

Stephen M. Friedberg, Esq.
Stephen M. Friedberg, Attorney at Law, LLC
The Adrian Lowell Building
3975 Roswell Road, N.E.
Atlanta, Georgia 30342
sfriedberg@bellsouth.net
Counsel for Julie Chrisley

4

Distribution List:

Kimberly A. Childs, Esq.
2727 Paces Ferry Road
Suite 1-225
Atlanta, Georgia 30339
kchilds@bizdisputeattorney.com

Todd H. Stanton, Esq.
Stanton Law LLC
1579 Monroe Drive
Suite F206
Atlanta, Georgia 30324
todd.stanton@stantonlawllc.com

Kevin A. Maxim, Esq.
The Maxim Law Firm, P.C.
1718 Peachtree St. N W
Suite 599
Atlanta, Georgia 30309
kmaxim@maximlawfirm.com

Bryan E. Busch, Esq.
Busch, Slipakoff & Schuh, LLP
3330 Cumberland Boulevard
Suite 300
Atlanta, Georgia 30339
b.busch@bssfirm.com

Mark V. Spix, Esq.
Mark V. Spix, PC
The Adrian Lowell Building
3975 Roswell Road, N.E.
Atlanta, Georgia 30342
spix@bellsouth.net

Stephen M. Friedberg, Esq.
Stephen M. Friedberg, Attorney at Law, LLC
The Adrian Lowell Building
3975 Roswell Road, N.E.
Atlanta, Georgia 30342
sfriedberg@bellsouth.net

5

GEORGIA, FULTON COUNTY
I, DO CERTIFY THAT THE WITHIN AND FOREGOING IS A TRUE, COMPLETE AND CORRECT COPY OF THE ORIGINAL IN SAID CASE, AS APPEARS BY THE ORIGINAL ON FILE IN THE OFFICE OF THE CLERK OF FULTON SUPERIOR COURT, CONSISTING OF _____5_____ PAGES.
WITNESS MY HAND AND THE SEAL OF SAID COURT THIS THE __27__ DAY OF __Feb__, 20_13_

_____
DEPUTY CLERK, FULTON COUNTY SUPERIOR COURT
Cathelene Robinson
CLERK OF THE SUPERIOR COURT
OF FULTON COUNTY, GEORGIA