IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIE CHRISLEY, Individually and in her capacity as the majority owner of CHRISLEY ASSET MANAGEMENT, L.L.C., : : : : : : Plaintiffs, : : vs. : : MARK BRADDOCK; ALINA CLERIE; : ARC AUTO BROKERS, L.L.C. and : PRIVATE PEERING POINT, L.L.C., : d/b/a VOCALCLOUD : : Defendants. : | CIVIL ACTION FILE NO: 1-12-CV-03524-CAP |

### **AFFIDAVIT OF KIMBERLY A. CHILDS**

COUNTY OF COBB
STATE OF GEORGIA

Personally appeared before me, the undersigned authority, duly authorized to administer oaths in the State of Georgia, Kimberly A. Childs, who after being duly sworn, deposes and says:

1.

My name is Kimberly A. Childs. I am over the age of eighteen (18) and suffer from no legal disabilities. I give this Affidavit for use in connection with the


EXHIBIT C

Motion for Sanctions in the above-styled case. The facts set forth in this Affidavit are based upon personal knowledge.

2.

I am an attorney licensed to practice law in Georgia.

3.

I am an attorney of record for Mark Braddock in the lawsuit styled as <u>Julie Chrisley and Chrisley Asset Management, LLC v. Mark Braddock and Alina Clerie</u>, Superior Court of Fulton County, State of Georgia, Civil Action File No. 2012-CV-219963 (hereinafter "Fulton County Case").

4.

On February 13, 2013 a hearing was held on my client's Motion for Contempt against Julie Chrisley in the Fulton County Case.

5.

At that hearing I received a copy of the February 12, 2013 letter by The Thompson Law Group (hereinafter "Letter," attached as "Exhibit 1") from Judge Dempsey.

6.

The Letter was introduced as an exhibit to the hearing and was admitted without objection.

7.

The Letter is an exhibit to the hearing transcript; however the hearing transcript has not yet been completed.

8.

This affidavit is offered in support of the authenticity of the Letter.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
Kimberly Childs

Sworn to and subscribed before me this 27 day of February, 2013.

_____
Notary Public

My commission expires: Oct 25, 2016

(NOTARIAL SEAL)

# THOMPSON LAW GROUP, LLC
## ATTORNEYS AT LAW

MAILING ADDRESS:
P.O. BOX 53484
ATLANTA, GA 30355-1484

OFFICE ADDRESS:
Ivy Place
3423 Piedmont Road
Suite 530
Atlanta, GA 30305

(404) 816-0500
FAX (404) 816-6856
WWW.THOMLAW.NET

February 12, 2013

The Honorable Alford J. Dempsey, Jr.
Superior Court of Fulton County
Justice Center Tower
185 Central Avenue, SW
Suite T-5855
Atlanta, GA 30303

**HAND DELIVERY**

Re:   *Chrisley, et al. v. Braddock, et al.*
      Superior Court of Fulton County
      Civil Action No. 2012-CV-219963

Dear Judge Dempsey:

It is with great reluctance that I write this letter. There is a Motion for Contempt against Julie Chrisley, who at least technically is our client, pending in your Court. We also have had a Motion to Withdraw from representing Ms. Chrisley pending in your Court since November 21, 2012. These matters are set for hearing on this coming Wednesday, February 13, 2013. Ms. Chrisley has retained Mark Spix and Stephen Friedberg to represent her in the contempt hearing.

Rule 3.3 of the Georgia Rules of Professional Conduct entitled "Candor Toward the Tribunal" requires an attorney to take remedial measures when he discovers t evidence that must be brought to the Courts attention, absent all other efforts to correct the situation.

Rule 3.3, Comment 10 states:

> Having offered material evidence in the belief that it was true, a lawyer may subsequently come to know that the evidence is false. Or, a lawyer may be surprised when the lawyer's client, or another witness called by the lawyer, offers testimony the lawyer knows to be false, either during the lawyer's direct examination or in response to cross-examination by the opposing lawyer. In such situations or if the lawyer knows of the falsity of testimony elicited from the client during a deposition, the lawyer must take reasonable remedial measures. In such situations, the advocate's proper course is to remonstrate with the client confidentially, advise the client of the lawyer's duty of candor to the tribunal and seek the client's


EXHIBIT C-1

cooperation with respect to the withdrawal or correction of the false statements or evidence. If that fails, the advocate must take further remedial action. If withdrawal from the representation is not permitted or will not undo the effect of the false evidence, the advocate must make such disclosure to the tribunal as is reasonably necessary to remedy the situation, even if doing so requires the lawyer to reveal information that otherwise would be protected by Rule 1.6. It is for the tribunal then to determine what should be done - making a statement about the matter to the trier of fact, ordering a mistrial, or perhaps nothing.

In response to the Motion for Contempt our firm filed an affidavit by Ms. Chrisley on October 19, 2012, based on information provided by our client, regarding the distribution of money subject to your order on October 2, 2012. The affidavit in paragraph 3 states:

> ... Early in the day on October 2, 2012, as soon as I was notified the wire transfer was being sent, I arranged with my bank for certified checks to be made out and distributed to my various creditors who I had told would be paid with the proceeds of the loan repayment. Those certified checks were prepared and distributed by the bank as soon as the transfer was noted in my account, and therefore the funds were spent and removed from my account immediately that morning of October 2, 2012. I was thus incapable of reversing the payments to my creditors by the evening of October 2, 2012 or thereafter. I took no further action to affect the funds following the hearing on the "Emergency Motion" and the Court's Order which took place after 5:00 or 6:00 p.m. on October 2, 2012, with the banks closed. Moreover, because of this chain of events, which resulted in the funds being distributed to legitimate and documented creditors as soon as the wire transfer occurred, there was no way to "unwind" the transaction as the funds were unrecoverable.

The facts are that three Official Checks from BB&T were issued on October 2, 2013 at between 3:25 and 3:30 pm in the afternoon. These checks were made out to Julie Chrisley for $19,000; EZ Title Loans, LLC for $100,000; and Lereve Realty Group for $100,000. (Copies are attached as Exhibit A) EZ Title Loans, LLC and Lereve Realty Group are owned or controlled by Ms. Chrisley, who also does business as Julie Hughes. We did not receive copies of these checks until December 12, 2012.

Additionally, on October 3, 2012 between 12:03 pm and 12:18 pm Ms. Chrisley had five more Official Checks issued by BB&T totaling $21,880.36. (Attached as Exhibit B)

Our firm discussed these matters with Ms. Chrisley, Mr. Spix and Mr. Friedberg. We had already filed a Motion to Withdraw on November 21, 2012. Other was counsel was retained and has appeared for Ms. Chrisley, but we have not been released. Accordingly, pursuant to Rule 3.3

we are compelled to provide this information to the Court as part of an ethical requirement of candor toward the tribunal.

We bring this information to the Court so that it will not rely on false evidence.

Very truly yours,

Robert T. Thompson

# BB&T

Branch Banking & Trust Co.

19 Jefferson Street
Newnan, GA 30263
(770) 253-5017
Fax (770) 304-7799

December 12, 2012

Julie Chrisley
5000 Heatherwood Court
Roswell, Georgia 30075

Re: Confirmation

Dear Mrs. Chrisley:

Please accept this confirmation that an incoming wire was received and deposited into your account on 10/02/2012 in the amount of $219802.44. A cashier's check was then issued from your account in the amount of $219000.00 on the same day, October 2, 2012.

If you should have any questions, please contact me at 678-893-7200.

Regards,

Susan G. Balch
BB&T
Vice President
678-893-7200

Received Time Dec. 12. 12:49PM

Ex. A







**BB&T**

OFFICIAL CHECK

THE REPLACEMENT OF THIS DOCUMENT REQUIRES THE COMPLETION OF A BB&T DECLARATION OF LOSS

0413
M16779
841-A001-N FULTON - ALPHARETTA
68-236/514
5003853854

OCTOBER 03, 2012

BB&T CARRIAGE CROSSING

** $8,048.26 **

COPY NON NEGOTIABLE

841/001 C400063 001 00140 12:03 10/03/12
OFFCHECK
$8,048.26

CLIENT COPY

Sept / Oct. tuition
JULIE & CHRISLEY
Sept. and Oct. tuition

Ex. B





HARLAND CLARKE
M16779 10485768    800-552-2902

**BB&T**

ATHEN FIRST

**OFFICIAL CHECK**

THE REPLACEMENT OF THIS DOCUMENT REQUIRES THE COMPLETION OF A BB&T DECLARATION OF LOSS

6414001-N FULTON - ALPHARETTA

OCTOBER 03, 2012

M16779 10485768

5003853858

68-236/514

** $1,000.00 **

COPY NON NEGOTIABLE

8414001 C40063 001  00118:12:16 10/03/12
OFFCHECK

$1,000.00

4764250900028449

Julia
CHRISLEY N CHRISLEY

CLIENT COPY

**BB&T**

**OFFICIAL CHECK**

M16779 1048576g

THE REPLACEMENT OF THIS DOCUMENT REQUIRES THE COMPLETION OF A BB&T DECLARATION OF LOSS

0414001-N FULTON - ALPHARETTA BO

68-236/514

CINDY COOKSEY

OCTOBER 03, 2012

**\*\* $2,790.00 \*\***

5003853859

Julie September & October
Shirley M CHRISLEY tuition

0414001 C30063 001 00120 12:18 10/03/12

COPY NON NEGOTIABLE
OFFCHECK

$2,790.00

CLIENT COPY