UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JULIE HUGHES CHRISLEY,** | : | |
| **Individually, and in her capacity as the** | : | |
| **majority owner of CHRISLEY ASSET** | : | |
| **MANAGEMENT, LLC,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No.** |
| | : | **1:12-cv-03524-CAP** |
| **v.** | : | |
| | : | |
| | : | |
| **MARK BRADDOCK, KEY ASSET** | : | |
| **SOLUTIONS, LLC, ALINA CLERIE,** | : | |
| **ARC AUTO BROKERS, LLC,** | : | |
| | : | |
| **Defendants.** | : | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Julie Chrisley, individually and in her capacity as majority owner of Chrisley Asset Management, LLC, and Defendants Mark Braddock, Key Asset Solutions, LLC, Alina Clerie, and ARC Auto Brokers, LLC submit this Joint Preliminary Report and Discovery Plan pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.2, N.D. Ga**.**

1.  <u>**Description of Case**</u>:

    (a)    Describe briefly the nature of this action.

**(1)**     **Description of the Nature of the Case:**

Plaintiff brings this action pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* (hereinafter "Federal RICO"). Plaintiff alleges that Defendants Braddock and Clerie committed two or more predicate acts (including mail fraud, wire fraud and bank fraud) in violation of 18 U.S.C. §1962(c) and that all of the Defendants conspired to commit these predicate crimes in violation of 18 U.S.C. §1962 (d).

Plaintiff also brings claims under the Georgia Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. § §16-4-1, *et seq.* (hereinafter, "Georgia RICO"), asserting that Defendants Braddock and Clerie committed two or more predicate acts (including theft by deception, in violation of O.C.G.A. §16-8-3(b)(1) – (3); theft by conversion in violation of O.C.G.A. §16-8-4(a); violation of the Georgia Computer Systems Protection Act, O.C.G.A. §16-9-3(d); and forgery in violation of O.C.G.A. §16-9-1(d)(2)). Plaintiff also alleges a pendant state claim for breach of fiduciary duty against Defendant Braddock.

Plaintiff claims damages pursuant to 18 U.S.C. §1962, arising out of theft of her profit distributions by Defendants Braddock and Clerie, loss of value of her ownership share in Chrisley Asset Management LLC and damage to her business reputation.

Defendants deny the unlawful activity alleged by Plaintiff and that she is entitled to any damages from Defendants.   Defendants' motions to dismiss Plaintiff's Second Amended Complaint are pending.   If the Court denies Defendants' motions to dismiss, Defendants will likely assert multiple counterclaims against Plaintiff and third party claims against other culpable parties. Defendants reserve the right to supplement this response to the extent required if they assert counter- or third party claims.

(b)   Summarize, in the space provided below, the facts of the case.   The summary should not be argumentative nor recite evidence.

(1)   **Plaintiffs' Statement of Facts**:

Plaintiff Julie Hughes Chrisley is the majority owner of Chrisley Asset Management LLC (hereinafter "CAM").   CAM is Georgia Limited Liability Company engaged in interstate business as a manager of foreclosed real estate properties for large lending organizations, including the quasi-federal mortgage company, Fannie Mae.   CAM's Vice President, Defendant Mark Braddock was given a 30% interest in CAM in exchange for managing the business for Plaintiff and her husband (also a CAM shareholder) on a day-to-day basis.

Until CAM went into receivership in 2012, Fannie   Mae   paid   CAM reimbursement for funds CAM was required by contract to advance to agents for

costs incurred in assisting in the onsite management and sale of foreclosed properties (hereinafter referred to as "571 Reimbursements").  Additionally, Fannie Mae paid CAM a management fee for each property that was sold.  While CAM only served as a conduit for the 571 Reimbursements, the management fees funded CAM's operation expenses and overhead and the profits were to be distributed pro rata to the owners, including 60% to Plaintiff Julie Chrisley and 30% to Defendant Mark Braddock.

Under the direction and supervision of Defendant Braddock, Defendant Alina Clerie was the Chief Financial Officer for CAM. Her responsibilities included payment of the 571 Reimbursement Funds to agents as well as accounting for the profits and liabilities of CAM, including management and oversight of its records on Quickbooks.

Plaintiff contends that Defendants Mark Braddock and Alina Clerie misappropriated 571 Reimbursement funds from Fannie Mae that should have gone to agents, by wiring requests for reimbursement, withholding payment from agents, and then converting these funds for their own use.  Further, Plaintiff contends that Defendants Braddock and Clerie directed the creation of electronically altered checks to cause Fannie Mae to believe that the checks had been cashed by agents, when in fact they had not.  The electronic alteration of the

checks was done by Defendants Braddock and Clerie in order to defraud Fannie Mae and Plaintiff and to enable the Defendants to continue to convert the 571 Funds.

Plaintiff also alleges that the Defendants Braddock and Clerie defrauded Plaintiff and Freddie Mac, another quasi-federal mortgage lender, when they responding to a Request For Proposal,  giving fraudulent information about CAM's capacity to do the work required, including the provision of false financial information about the company.  Freddie Mac initially gave CAM the contract but, upon discovering the fraud, it rescinded the contract.

Plaintiff further alleges that Defendant Braddock, in collusion with Defendant Clerie, defrauded the Plaintiff and Chase Bank by making several large cash withdrawals on a single day from CAM's account and also by ordering wire transfers from CAM's account to Defendant Braddock's account.

Plaintiff also alleges that Defendant Braddock breached his fiduciary duty to her as a member of CAM by forming a competing business, US Asset Management Partners, while he was charged with managing the day-to-day business of CAM and had an express duty of loyalty to the company and to the Plaintiff pursuant to the Company's Operating Agreement.

Finally, Plaintiff contends that all of these actions by the Defendants devalued her ownership share in CAM, and resulted in the loss of potential profits for CAM, that would have been disbursed pro rata to her, and further injured Plaintiff's business reputation in the field of foreclosed property management.

**(1)    Defendants' <u>Statement of Facts</u>:**

Defendant Braddock owns a 30% membership interest in CAM, a Georgia limited liability company that is currently in bankruptcy.  CAM's revenues were derived from fees earned by managing foreclosed properties.  CAM was also responsible for administering agents' 571 Reimbursements for expenses the agents incurred in marketing the foreclosed properties.

Defendant Key Asset Solutions, LLC, of which Defendant Braddock is a sole member, received, to some extent, Defendant Braddock's share of CAM distributions and compensation.

Defendant Alina Clerie was hired by CAM in June 2007 as its Vice President of Finance, and was terminated without cause on July 31, 2012.  Despite her requests, CAM has failed to pay her as it agreed.  While she was employed by CAM, disputes arose between principals Todd Chrisley, who is Plaintiff's husband, and Defendant Mark Braddock.  Mr. Chrisley and Plaintiff have falsely accused

Ms. Clerie of wrongdoing in connection with her performing her duties on behalf of CAM.

ARC Auto Brokers, LLC is a Georgia limited liability company engaged in the automobile brokerage business.   Plaintiff has falsely accused ARC of wrongdoing.

Defendants deny the unlawful activity alleged by Plaintiff and that she is entitled to any damages from Defendants. Defendants reserve the right to supplement this response to the extent required.

(c)    The legal issues to be tried are as follows:

**(1)    <u>Plaintiffs' Legal Issues</u>:**

Plaintiff's issues include all issues raised by the pleadings, including but not limited to, the following:

a) Whether Defendants committed two or more predicate acts, including without limitation, mail fraud, wire fraud, bank fraud, violations of the Bank Secrecy Act, 31 U.S.C. 5311, *et seq*. and the USA PATRIOT ACT, PL 107-56, in violation of 18 U.S.C. §1962(c);

b)  Whether Defendants violated 18 U.S.C. §1962(d) by conspiring to commit two or more predicate acts, including, without limitation, those stated in item (a), hereinabove;

c)  Whether Defendants Mark Braddock and Alina Clerie devised or intended to devise any scheme or artifice to defraud, or for obtaining money from, Freddie Mac by sending false information regarding CAM's capacity and its financial status,  to Freddie Mac in response to a Request for Proposal via U.S. Mail and/or Federal Express in violation of 18 U.S.C. §1341 and 18 U.S.C. §1962(c);

d)  Whether Defendants Braddock and Clerie violated 18 U.S.C. §1962(c) and 18 U.S.C. §1343 when they allegedly transmitted email requests for 571 Reimbursement Funds to Fannie Mae and, instead of paying reimbursement to agents, allegedly converted these funds to their own use;

e)  Whether Defendants Mark Braddock and Alina Clerie violated 18 U.S.C. §1343 and 18 U.S.C. §1962(c) when they allegedly devised or intended to devise a scheme or artifice to defraud, or for obtaining money, by means of false or fraudulent pretenses, by which they wired 571 Reimbursement funds allegedly wrongfully obtained from Fannie Mae to

the bank accounts of Key Asset Solutions LLC and ARC Auto Body LLC, respectively, entities they owned and controlled;

f)  Whether Defendants Mark Braddock and Alina Clerie devised or intended to devise any scheme or artifice to defraud, or for obtaining money by means of false or fraudulent pretenses, when they allegedly prepared false audit statements and financial statements for CAM and sent them by email to Fannie Mae in violation of 18 U.S.C. §1343 and 18 U.S.C. §1962(c);

g)  Whether Defendants Mark Braddock and Alina Clerie violated 18 U.S.C. §1343 and 18 U.S.C. §1962(c), when they devised or intended to devise a scheme or artifice to defraud, or to obtain money by means of false or fraudulent pretenses, whereby they allegedly gave false information to Plaintiff regarding CAM's profits allegedly in order to disguise the funds they were allegedly taking from 571 Reimbursement Funds;

h)  Whether Defendants Mark Braddock and Alina Clerie violated 18 U.S.C. §1344, 31 U.S.C. 5311, *et seq*. and the USA PATRIOT ACT, PL 107-56 (as codified at 31 CFR Chapter X), and 31 U.S.C. §1962(c), when they allegedly executed a scheme to defraud Chase Bank, CAM and the Plaintiff, to obtain money in the custody and control of Chase Bank by

using allegedly false or fraudulent pretenses and by collaborating to make a series of allegedly unauthorized cash withdrawals from CAM's bank account;

i)  Whether Defendants Mark Braddock and Alina Clerie violated the Georgia RICO Act, O.C.G.A. §16-4-3;

j)  Whether Defendants Braddock and Clerie violated O.C.G.A. §16-8-3(b)(1) – (3) when they allegedly deceived Plaintiff by allegedly giving false information regarding CAM's financial status;

k)  Whether Defendants Braddock and Clerie violated O.C.G.A. §16-8-4(a) when they allegedly converted profits from CAM that should have been distributed to the Plaintiff;

l)  Whether Defendants Braddock and Clerie violated O.C.G.A. §16-9-3(d) when they allegedly directed the electronic alteration of checks made payable to agents to make it appear to Fannie Mae that agents had been properly reimbursed for expenditures when they had not been reimbursed;

m) Whether Defendants Braddock and Clerie violated O.C.G.A § 16-9-1(d)(2), when they allegedly directed the alteration of the dates, amounts and check numbers on checks to make it appear to Fannie Mae that

- 10 -

n) Whether Defendant Braddock breached his fiduciary duty to Plaintiff in violation of O.C.G.A. §14-11-305 and O.C.G.A. §23-1-58 when he allegedly converted funds from CAM, including profits that allegedly belonged to Plaintiff and/or CAM, and funds allegedly belonging to Fannie Mae agents.

o) Whether and in what dollar amounts the Plaintiff was damaged by Defendants' actions.

**<u>Request to Amend and Supplement Joint Discovery Plan</u>**:

The Defendants have filed motions to dismiss which are pending before the Court.  As reflected in those motions, the Defendants contend that there are no issues to be tried in this action.

As of the date of this submission, Defendants have not been required to file an answer or to disclose any potential counterclaims.  Accordingly, if Defendants file an Answer to the Complaint, then to the extent required the Defendants reserve the right to amend this Joint Discovery Plan to reflect facts and issues relating to Defendants' defenses as well as any issues to be tried relating to any counter-,  cross-, and/or third party claims asserted.

(d)     Cases listed below (include both style and action number) are:

       (1)     Pending Related Cases:   *Julie Chrisley and Chrisley Asset Management, LLC v. Mark Braddock and Alina Clerie*, Civil Action File No. 2012-CV-219963 (Superior Court, Fulton County Georgia)

       (2)     Previously Adjudicated Related Cases: None

.
**2.      This case is complex because it possesses one (1) or more of the features listed below (please check):**

| | | |
|---|---|---|
| _____ | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| \_\_x\_\_\_ | (3) | Factual issues are exceptionally complex |
| _____ | (4) | Greater than normal volume of evidence |
| \_\_x\_\_ | (5) | Extended discovery period is needed |
| \_\_\_\_\_ | (6) | Problems locating or preserving evidence |
| \_\_\_\_\_ | (7) | Pending parallel investigations or action by government |
| \_\_x\_\_\_ | (8) | Multiple use of experts |
| \_\_\_\_\_ | (9) | Need for discovery outside United States boundaries |
| \_\_\_\_\_ | (10) | Existence of highly technical issues and proof |
| \_\_x\_\_ | (11) | Unusually complex discovery of electronically stored information |

3.      **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff                                            Bob Barr

Defendants Mark Braddock and:          Todd Stanton
Key Asset Solutions, LLC

Defendants Alina Clerie and:          Kevin Maxim
ARC Auto Brokers, LLC

4.     **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____ Yes     __x__ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.   When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.   Each objection should be supported by authority.

5.     **Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined:

**<u>Plaintiff's Comment Regarding Joinder</u>:**

As discussed in Plaintiff's Consolidated Brief in Opposition to Motions to Dismiss by Defendant Mark Braddock and Defendant Alina Clerie, the Court at its discretion may join bankruptcy trustees for Chrisley Asset Management LLC and/or Todd Chrisley if the Court determines these are necessary parties to this RICO action. *See*, ECF No. 76 at pages 5-10.

**<u>Defendants' Comment Regarding Joinder</u>:**

Defendants reserve the right to pursue additional parties in connection with this action to the extent that Defendants' pending motions to dismiss are not granted.

(b)     The following persons are improperly joined as parties:

- 13 -

**Parties' Joint Response:**  None

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Parties' Joint Response:**  None

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.   Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

Parties' Joint Response:  None anticipated at the present time.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible.   The local rules set specific filing limits for some motions.   These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)  *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)  *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)  *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)  *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

## 8.   **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**Parties' Joint Response:**  None

## 9.   **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

**Parties' Joint Response:**   The parties do not request a scheduling conference at this time.

## 10.   **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.   As stated in LR 26.2A,

responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Parties' Joint Response:** The parties request an eight-month discovery period for the reasons stated in Item No. 2 above.

Please state below the subjects on which discovery may be needed:

**Plaintiff's Discovery Subjects:**

(1)  Discovery of facts relating to allegations regarding Defendants' alleged failure to disburse 571 Funds provided by Fannie Mae for reimbursement of agents;

(2)   Discovery of facts relating to Defendants' alleged theft of profits from CAM that allegedly should have been distributed to Plaintiff ;

(3)   Discovery of facts relating to allegations that Defendants received illegally gained funds;

(4)   Discovery of facts relating to alleged fraudulent mailings or other communications by the Defendants to Freddie Mac;

(5)   Discovery of facts relating to allegations of bank fraud ;

(6)     Discovery of facts relating to alleged wire fraud,:

(7)     Discovery of facts relating to alleged forgery and/or violation of the Georgia Computer Systems Protection;

(8)     Discovery of facts relating to Defendant Braddock's company, US Asset Management Partners LLC;

(9)     Discovery of facts relating to Plaintiff's alleged damages, including discovery of the actual amount of profits Plaintiff allegedly should have received, the alleged loss of value of Plaintiff's interest in CAM, and alleged damage to Plaintiff's business reputation.

**<u>Defendants' discovery subjects:</u>**

If Defendants' motions to dismiss are not granted, then in that event Defendants anticipate that discovery will be required to defend against Plaintiff's allegations concerning unlawful activity and to prosecute any counter-, cross-, and/or third party claims that they may assert.  Defendants reserve the right to supplement the subjects on which discovery will be required.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Parties' Joint Response:**

If Defendants' motion to dismiss are not granted, then the parties request an eight-month discovery period in anticipation of the need for multiple experts and potentially complex and extensive e-discovery and discovery directed to non-parties to this action.

## 11.   Discovery   Limitation   and   Discovery   of   Electronically   Stored Information:

(a)     What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Parties' Joint Response:**  None

(b)     Is any party seeking discovery of electronically stored information?

___X___Yes                                        _____No

If "yes"

(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g. accessibility, search terms, date limitations or key witnesses) as follows:

**Parties' Joint Response:**

At this point, the parties are not aware of the full extent of relevant information that may be stored electronically; however, the parties have reached the following agreements with respect to electronically stored information:

(1)     <u>Date Limitations and Scope</u>:  The parties agree that date limitations for discovery of electronic documents shall be from January 1, 2009, up to and including the present.  The parties also agree to cooperate in the exchange of computer inventories and data maps.  The parties also agree that the responding party will generally pay for the cost of routine production.  However, to the extent that materials requested require efforts to recover materials not maintained in the ordinary course of business and/or that were not subject to applicable preservation obligations, then the requesting party may be responsible for the cost of retrieval and production.  Nothing in this plan shall be used to impose upon another party or force another party to incur retrieval or production costs attributable to the producing party's failure to adhere to its preservation obligations.  Nothing in this plan shall limit the parties' preservation and production obligations under applicable discovery rules. The parties will attempt to mutually agree upon document management software, such as Summation or Concordance; however, Defendants Ms. Clerie and ARC Auto Brokers, LLC, do not anticipate being amenable to incurring the substantial expense of purchasing such software for this litigation.

(2)     <u>Format for production</u>:  The parties have discussed the format for production of electronically stored information (e.g. Tagged Image File Format

(TIFF or .TIF files), Portable Document Format (PDF), or native), a method of production (e.g. paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties have agreed that, to the extent possible, each electronic document will be produced in: (1) Bates stamped .pdf or .tiff format; and (2) as an OCR, searchable text file. Metadata, including author, date and other identifying information may be included for any documents, including emails, but parties agree to generally produce native versions of any document produced, including emails, upon written request of the other party, subject to any applicable objection, including objections related to the cost and burden of a native production. The parties agree that responsive electronic documents will be provided on CD-ROM disc with accompanying industry-standard load-file to allow materials to be stored and reviewed in the agreed-upon document management software, unless specifically requested for particular documents or files.

(3) <u>Inadvertently disclosed information</u>: Counsel have discussed the fact that production of electronic data runs a greater risk of inadvertent production of privileged or work-product protected material. Accordingly, the parties agree to the following "claw back" procedures for asserting claims of privilege after production:

(a)     The parties agree that the inadvertent production of privileged information does not waive or otherwise compromise any applicable privilege or preclude the party from asserting privilege claims after production.   The party recalling an inadvertent production shall request in writing the return or destruction of such information and shall, within 10 calendar days of its request, produce a privilege log disclosing all applicable assertions of privilege for recalled production.   Upon receipt of the written request, the recipient party shall comply with the producing party's request to cease review of the inadvertent production and return or destroy the inadvertent production, regardless of whether the recipient party intends to file a motion to compel production of the recalled production, in whole or in part.

(b)     The party recalling an inadvertent production shall pay costs of complying with its request, if any, including electronic discovery support staff and paralegal time, but not including attorney time.

12.   **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) or (c)?

**Parties' Joint Request for Confidentiality Order:**

The parties have discussed certain issues relating to the disclosure of documents and information that may be inappropriate for use outside of this

litigation.   The parties will submit a proposed consent protective order, requiring all parties to maintain the confidentiality of discovery materials, including electronic documents and files, paper documents, discovery responses and deposition testimony, for use within the confines of pleadings in the case and as otherwise necessary to prosecute or defend the case.

**13.**   **Settlement Potential:**

(a)   Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 30, 2012, and that they participated in settlement discussions.   Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiffs:**

Lead Counsel :              Bob Barr

Other participants:       Valle Simms Ashley
                          Lee Pruitt

**For Defendants Mark Braddock and Key Asset Solutions LLC:**

Lead Counsel:              Todd Stanton

Other participants:       Liz Leyda

**For Defendants Alina Clerie and ARC Auto Brokers, LLC**

Lead Counsel:              Kevin Maxim

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___X__)    A possibility of settlement before discovery.

(__X___)    A possibility of settlement after discovery.

(_____)    A possibility of settlement, but a conference with the judge is needed.

(____)    No possibility of settlement.

(c)    Counsel (__X___) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is not set at this time.

(d)    The following specific problems have created a hindrance to settlement of this case.

**Parties' Joint Response:**  Plaintiff and Defendants are intransigent in their positions at this time.

14.    **Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (____) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20___.

(b)    The parties (__x___) do not consent to having this case tried before a Magistrate Judge of this court.

[SIGNATURES OF COUNSEL CONTAINED ON FOLLOWING PAGE]

- 23 -

/s/ Bob Barr
Bob Barr
Counsel for Plaintiff
Julie Hughes Chrisley

/s/ Todd Stanton
Todd Stanton
Counsel for Defendants
Mark Braddock and
Key Asset Solutions LLC


/s/ Kevin Maxim
Kevin Maxim
Counsel for Defendants
Alina Clerie and
ARC Auto Brokers,  LLC

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____


IT IS SO ORDERED, this ___ day of _____, 2013.

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

## CERTIFICATE OF SERVICE

I hereby certify that on, I electronically filed this **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

/s/ Valle Ashley
Valle Ashley
Attorney for Plaintiff Julie Chrisley
Georgia Bar Number 235960
3101 Towercreek Parkway, Suite 150
Atlanta, Georgia 30339
Tel: 770-836-1776
valle@bobbarr.org