IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JULIE CHRISLEY, Individually and
as Majority Owner of CHRISLEY
ASSET MANAGEMENT, LLC,

  Plaintiff,

v.

MARK BRADDOCK, ALINA CLERIE,
KEY ASSET SOLUTIONS, LLC, and
ARC AUTO BROKERS, LLC,

  Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION FILE
NO: 1:12-CV-03524-CAP

## KIMBERLY A. CHILDS' MEMORANDUM OF LAW IN SUPPORT OF HER AMENDED MOTION FOR SANCTIONS

COMES NOW, Kimberly A. Childs ("Childs"), a former Defendant in the above-styled action and files this, her Memorandum of Law in Support of her Amended Motion for Sanctions against Plaintiff Julie Chrisley ("Plaintiff" or "Chrisley") and her attorneys Robert T. Thompson, Jr., H. Kirk Henson, Jefferson Adams, and Thompson Law Group, LLC (collectively referred to as "TLG") pursuant to Federal Rule of Civil Procedure 11(c) for failure to comply with Rule 11(b), showing this Honorable Court as follows:

## STATEMENT OF FACTS

Childs is a lawyer licensed to practice in Georgia and she represents Defendant Mark Braddock in several related and pre-existing state court matters brought by this Plaintiff or her allegedly wholly owned entities. (See Complaint, ¶ 17, Exhibits G, H, I, J.) Braddock, Childs' client, is a member of Chrisley Asset Management, LLC ("CAM") and is currently involved in a very contentious dispute with the alleged co-members of CAM. (See Complaint, ¶ 22, Exhibits F, G, H, I, J.) The related lawsuits include <u>Julie Chrisley, Chrisley Asset Management, LLC v. Mark Braddock and Alina Clerie</u>, Superior Court Fulton County, State of Georgia, CAFN: 2012-CV-219963 ("Lawsuit #1") and <u>EZ Title Loans, LLC and Pacific Development Partners, LLC v. Grace Realty Group, LLC, Key Asset Solutions, LLC, RES-GA Buckhead, LLC, Mark Braddock, individually, and Valencia Walker, individually</u>, Superior Court of Fulton County, State of Georgia, CAFN: 2012-CV-222070 ("Lawsuit #2"). (See Complaint, ¶ 17, Exhibits G, H, I, J.) TLG was counsel of record for Chrisley, and/or her alleged entities, in these parallel lawsuits at the time that this lawsuit was filed.

Plaintiff filed this lawsuit on October 9, 2012 in an attempt to move the existing dispute from state court to federal court after unfavorable rulings in the state court, and to attempt to disqualify Childs from representing her client,

Braddock, in the pending lawsuits. (See Complaint, Exhibits H, I, J.) The original Complaint set forth the following counts against Childs: (1) Georgia Racketeer Influenced and Corrupt Organizations Act (RICO); (2) Fraud and Accounting; and (3) Attorneys' Fees and Costs. (See Complaint, Counts I, VI and XI.)

The allegations against Childs stemmed from an Order in Lawsuit #1 (hereinafter "Order"). (See Complaint, ¶¶ 59-61, Exhibit G.) As stated above, Childs represents Braddock in that case. (See Complaint, Exhibits G, H, I, J.) The Order was issued as a result of a petition for a Temporary Restraining Order sought by CAM and Julie Chrisley. (See Complaint, ¶¶ 57-58.) The Order, which speaks for itself, appointed a receiver for CAM and the receiver was ordered to be the "sole and exclusive signatory on any CAM banking or deposit account" and the Court held that "no member shall have any deposit or withdraw authority with respect to CAM funds." (See Complaint, Exhibit G.)

Despite this Order, the receiver transferred $219,802.44 from CAM's account to Chrisley. Upon receipt of a bank email of a pending wire transfer from CAM in the amount of $219,802.44, Childs, on behalf of her client, Braddock, filed an Emergency Motion for Order to Preserve Assets in Receivership. (See Complaint, ¶ 59, Exhibit H.) Specifically, Plaintiff's Complaint alleges that this Emergency Motion "in and of itself conclusively demonstrates that Mark Braddock

3

and Childs continue to unlawfully access CAM's and the Chrisleys' private, secure bank accounts, in violation of state and federal banking laws." (See Complaint, ¶ 60.) Plaintiff and her counsel, TLG, claim that receiving the bank email and/or *viewing* the account is in violation of the Order. (See Complaint, ¶ 60.)

The court held an emergency hearing on the same day that the Emergency Motion was filed. (See Complaint, Exhibit H, p. 21-32; Exhibit I, p. 11-12.) At the conclusion of the hearing, the Court granted Childs' Emergency Motion and issued an Order on October 3, 2012 (and an amended Order on October 4, 2012) requiring Chrisley and Leland Nicholson (former Receiver for CAM) to return the $219,802.44 transferred out of CAM's bank account and to produce documentation of the return of fund within twenty-four (24) hours of receipt of the Order. (See Complaint, Exhibit H, p. 21-32; Exhibit I, p. 11-12.) When Chrisley (who was represented by TLG) and Nicholson failed to comply with the Order and produce the required documentation and return the money, Childs, on behalf of her client Braddock, filed a Motion for Contempt on October 5, 2012. (See Complaint, Exhibit J.) Just days later, on October 9, 2012, Plaintiff, by and through her counsel TLG, filed this lawsuit. (See Complaint.) The day after filing this lawsuit, Plaintiff, by and through her counsel TLG, attempted to dismiss the Fulton County case by filing a voluntary dismissal. (See Notice of Voluntary Dismissal without

4

Prejudice filed in Lawsuit #1, attached as "Exhibit 1.")  It is clear that Plaintiff and TLG filed this suit against Childs as a strategic attempt to disqualify Childs from continuing to represent Braddock in both lawsuits and to move the case to a venue that Plaintiff and TLG expected would be more favorable to them given the recent setbacks at the hands of the Fulton Superior Court.

Lastly, in the Complaint prepared and filed by TLG on behalf of its client, Chrisley alleges that Childs filed a "meritless and vexatious" contempt motion in Lawsuit #1 which ignores the "supersedeas created by the Notice of Appeal of the underlying order and is a blatant abuse of the court system without probable cause or merit." (See Complaint, ¶ 61.)    Chrisley, by and through her counsel TLG, also states that Childs is currently labeled a vexatious litigant by another federal court. (See Complaint, ¶ 61.)

On December 10, 2012, TLG tried to withdraw from this case. (See Motion to Withdraw as Counsel, Docket No. 38.)  Shortly thereafter, on December 20, 2012, Bob Barr and Lee Pruitt (collectively "Barr Firm") entered an appearance on behalf of Chrisley in this case. (See Entry of Appearance, Docket No. 41.)  On January 7, 2013, the Barr Firm filed a motion to dismiss Kimberly Childs without prejudice. (See Motion to Dismiss Kimberly Childs Without Prejudice, Docket No. 48.)  The Court granted the dismissal on January 31, 2013. (See Order,

Docket No. 49.)  Interestingly, on June 25, 2013, the Barr Firm also moved to withdraw as counsel for Chrisley.  (See Motion to Withdraw as Counsel, Docket No. 90.) The Court has not granted either Motion to Withdraw and therefore, both TLG and the Barr Firm are still counsel for record on behalf of Chrisley.  This motion seeks sanctions only against Plaintiff and TLG (as collectively defined above).

Pursuant to Federal Rule of Civil Procedure 11(c), the undersigned counsel complied with the twenty-one (21) day safe harbor provision before filing this Motion for Sanctions.  (See November 8, 2012 Correspondence, attached as "Exhibit 2.")  The letter, which is addressed to Robert T. Thompson, Jr., H. Kirk Henson, Jefferson Adams, and Thompson Law Group, clearly notifies both Plaintiff and all of her counsel of Childs' intent to seek sanctions against both Plaintiff and all of her counsel if they failed to take advantage of the safe harbor period.  (See November 8, 2012 Correspondence, attached as "Exhibit 2." Page 3 states "However, if it becomes apparent after 21 days that a satisfactory resolution can not be had without Court involvement, the undersigned, on behalf of Ms. Childs, will file the enclosed Motion requesting sanctions against you and your clients.")  Neither Plaintiff nor TLG responded to the safe harbor letter.  As a result, on December 7, 2012, Childs filed her Motion for Sanctions.  (See

Defendant Kimberly A. Childs' Motion for Sanctions, Docket No. 34.) Neither Plaintiff nor TLG filed a response to the motion until after the Court issued an order on February 7, 2013 requiring them to show cause as to why the motion should not be granted. (See Order, Docket No. 53.) The Court recognized in its Order that the dismissal of Childs only partially remedied the situation but that Childs still had a claim for fees and expenses. (See Order, Docket No. 53.)

## ARGUMENT AND CITATION OF AUTHORITY

Federal Rule of Civil Procedure 11(b) states:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

If an attorney, law firm or party violates Rule 11, the Court has the authority to issue sanctions pursuant to Rule 11(c) so long as the opposing party is given notice and an opportunity to respond. The Court has the authority to reward sanctions against the attorney, law firm, party or any combination thereof. See Fed. R. Civ. P. 11(c)(1) (stating that "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."). In this case, the Complaint filed against Childs violated Rule 11(b)(1),(2) and (3) because it was filed for an improper purpose, the claims were not supported by existing law, and the allegations are frivolous and unsupported by facts. Pursuant to Fed. R. Civ. P. 11(c), Childs moves for an award of the attorneys' fees and

expenses she incurred in her defense against these frivolous claims. Evidence of the fees and expenses incurred are attached as "Exhibit 6."

### A.   The Complaint Against Childs was Filed for Improper Purposes.

The claims asserted in the lawsuit against Childs were frivolous, without merit, and filed for improper purposes in violation of Fed. R. Civ. P. 11(b)(1).

### I.   Plaintiff and Her Counsel, TLG, Filed this Lawsuit in an Attempt to Create a Conflict of Interest.

Plaintiff and her counsel, TLG, filed this lawsuit in an effort to create a conflict of interest between Childs and her client, Mark Braddock, by naming them both as defendants in this case. Plaintiff's motive to disqualify Childs is evidenced in correspondence going back as early as Friday October 12, 2012. Just three days after this Complaint was filed, Scott Sanders, counsel for the former receiver (and CAM employee) Leland Nicholson sent an email to Childs containing, in part, the following statement:

> Also, since you and Mark Braddock have now both been named as co-defendants in a federal RICO action related to this dispute, when do you intend to withdraw and allow Mr. Braddock the opportunity to secure independent legal counsel in this matter? At present, you certainly have a gross conflict of interest in continuing any further representation of a party in this dispute.

(See E-mail dated October 12, 2012, attached as "Exhibit 3.")

Three days later, Mr. Sanders made a similar inquiry to Todd Stanton, co-counsel with Childs on behalf of Braddock which stated, in part: "Are you now taking over representation of Mark Braddock for Ms. Childs due to her compromised position?" (See E-mail dated October 15, 2012, attached as "Exhibit 4.")

These statements were made by Mr. Sanders on behalf of the former receiver, Mr. Nicholson, who was speaking for CAM. To be clear, CAM was a named Plaintiff in Lawsuit #1, who was also represented by TLG. (See Complaint, Exhibits F, G, H, I, and J.) Therefore, these statements were made on behalf of CAM, a company which Chrisley proclaims she is a majority owner of, and who is represented by TLG. Plaintiff and her counsel, TLG, cannot disclaim their ulterior motive at this stage of the litigation just because it was communicated by their agent instead of themselves personally. Rule 11 sanctions are proper because Plaintiff and her counsel, TLG, filed the original Complaint against Childs for improper purposes.

II.    This Lawsuit was Filed as an Attempt for Plaintiff and her
       Counsel, TLG, to shop for a more Favorable Forum.

Additionally, Plaintiff and her Counsel, TLG, used this lawsuit as an opportunity to move the litigation to a court which they expect will be more favorable to them since they did not raise the issues against Childs in the Fulton County case. Plaintiff and TLG's attempt at forum shopping is further illustrated by the timing of the proceedings in the Fulton County case and the filing of this Complaint.

Julie Chrisley and CAM are Plaintiffs in the Fulton County lawsuit and they chose that forum. (See Notice of Voluntary Dismissal without Prejudice, attached as "Exhibit 1.") They were repeatedly unsuccessful in that case. First, CAM, through its former receiver, attempted to make a transfer of $219,802.44 to Julie Chrisley. (See Complaint, ¶ 59, Exhibit H.) The court granted Childs' Emergency Motion for Order to Preserve Assets in Receivership and ordered Chrisley and the former receiver to return the $219,802.44 and to produce documentation of the return of fund within twenty-four (24) hours of receipt of the Order. (See Complaint, Exhibit H, p. 21-32; Exhibit I, p. 11-12.)

When Julie Chrisley and Nicholson through their counsel, failed to comply with the Order, Childs moved for the court to find them in contempt. (See

Complaint, Exhibit J.) Just days later, Plaintiff filed this lawsuit. (See Complaint.) The day after filing this lawsuit, Plaintiff attempted to dismiss the Fulton County case by filing a voluntary dismissal. (See Notice of Voluntary Dismissal without Prejudice, attached as "Exhibit 1.")   In fact, Plaintiff continued to receive unfavorable rulings after the filing of the original Complaint.   For example, Plaintiff was found in contempt of that court and is pending a jury trial in that court on a separate issue.   (See Orders, attached as "Exhibit 7.")   Additionally, it was ordered that if Plaintiff did not purge her contempt or post bond in anticipation of the jury trial she would be jailed. (See Orders, attached as "Exhibit 7.")

The timing of this Complaint coupled with the fact that the other two lawsuits by this Plaintiff, or her allegedly wholly owned entities, were filed in state court, creates a reasonable inference that Plaintiff and her counsel, TLG, filed this suit against Childs in federal court in an effort to forum shop and disqualify Childs from continuing to represent Braddock in both lawsuits.  Since this Complaint was filed against Childs for an improper purpose, Plaintiff and her counsel, TLG, violated Rule 11(b) and are subject to sanctions.

III.   This Lawsuit was not the Proper Remedy for Plaintiff's Alleged Damages and was Filed Instead for Improper Purposes.

The allegations against Childs in this lawsuit are without merit and arise solely from Childs' actions on behalf of her client, Braddock, in filing the

Emergency Motion for Order to Preserve Assets in Receivership. (See Complaint, ¶¶ 59-61.) The Emergency Motion was granted by the Fulton County Court. (See Complaint, Exhibit H, p. 31-32.) To the extent that Plaintiff had any objection to the conduct or actions serving as the basis of that emergency motion, the proper forum for those complaints was the Fulton County court. Childs was repeatedly successful on behalf of her client, Braddock, in the Fulton County case and therefore, this federal lawsuit against Childs is Plaintiff attempt to remove Childs from the ongoing litigation and is improper under Rule 11.

**B.    Plaintiff's Original Complaint Against Childs is Frivolous and Without Factual or Legal Support.**

As the original Complaint demonstrated on its face, Plaintiff and her counsel, TLG, did not have any factual support for the claims they alleged against Childs, including a Georgia RICO claim, fraud and accounting and attorneys' fees and punitive damages. (See Complaint.) Plaintiff and her counsel, TLG, knew at all times that the allegations against Childs were frivolous and without legal or factual support, however, she deliberately chose to pursue this lawsuit against Childs.

13

1.   <u>Plaintiff and her counsel, TLG, Failed to Investigate the
Allegations Against Childs Prior to Filing the Original
Complaint.</u>

To the extent that TLG claims they performed an independent evaluation of

evidence before filing the lawsuit by speaking with Chrisley and former receiver

Mr. Nicholson, their sources were unreliable and they knew or should have known

that those sources were unreliable. As mentioned above, as of the time of the filing

of this lawsuit, TLG had represented Chrisley in the parallel cases and they were

aware of the background facts and posture of the cases. There has since been

affirmative evidence that Chrisley is untruthful. First, the Fulton County Court

found Ms. Chrisley in contempt of court. (<u>See</u> Orders, attached as "Exhibit 7.")

Second, evidence was introduced by TLG in Lawsuit #1 that Chrisley offered false

testimony to the Court regarding the wire transfer at issue here. (<u>See</u> Affidavit of

Kimberly Childs, attached as "Exhibit 8.") Therefore, as of at least February 12,

2013 TLG was aware that their client offered false testimony to the Court, but yet

TLG still stands behind the accusations in their Complaint which were purportedly

supported solely by interviews with Chrisley and the Receiver. Further, the

receiver, Mr. Nicholson, was also unreliable as confirmed by the Fulton County

Court which found him to be biased and incapable of being neutral. (<u>See</u> Order,

attached as "Exhibit 9," ¶ 5.)   This allegedly independent evaluation was

14

insufficient considering both the factual allegations and legal elements required for the claims against Childs.

Additionally, the inadequacy of the Complaint was outlined in detail in Kimberly A. Childs' Motion to Dismiss and further confirmed by the Court in its holding that the original Complaint was a "quintessential shotgun pleading." (See Order, Docket No. 40.) Plaintiff was ordered to amend the Complaint and in the interim, Plaintiff, through her new counsel the Barr Firm, dismissed Childs without prejudice. Additionally, they did not name Childs in the Amended Complaint because they determined the claims were void of satisfactory legal grounding.

Plaintiff and counsel, TLG, knew or should have known at the time they filed the Complaint against Childs that the claims were frivolous. There was never sufficient evidence to support claims against Childs, however, by asserting these claims – and refusing the safe harbor provided by Rule 11 – Plaintiff and her counsel, TLG, willingly exposed themselves to the consequences of Rule 11.

2. <u>Childs did not Violate the Order.</u>

All of the allegations against Childs arose from her alleged violation of the Order. (See Complaint, ¶¶ 59-61.) The Order was attached as part of "Exhibit G" to the original Complaint. Assuming for purposes of this Motion that the allegations by Plaintiff against Childs are true, a reading of the Order, on its face,

conclusively confirms that Childs did not violate the Order. (See Complaint, ¶¶ 59-61, Exhibit G.)

The entire Order is attached to the original Complaint as part of "Exhibit G", however, the pertinent provisions in the Order are as follows:

- Mr. Nicholson will be the sole and exclusive signatory on any CAM banking or deposit account, including accounts with Embassy National Bank and/or JP Morgan Chase Bank NA; Mr. Nicholson, as receiver for CAM, has full authority to deposit, withdraw, and transfer any CAM funds.

- No member shall have any deposit or withdraw authority with respect to CAM funds.

As stated in the Complaint, Childs was accused of "unlawfully access[ing] CAM's and the Chrisleys' private, secure bank accounts, in violation of state and federal banking laws." However, Plaintiff and her counsel, TLG, failed to present any factual evidence that Childs accessed the Chrisleys' private accounts and they further failed to identify any such "state and federal banking laws." (See Complaint.)  Additionally, violations of said laws were not alleged as numbered counts against Childs in the Complaint. (See Complaint.)  Moreover, other than this conclusory accusation, there was no factual allegation that Braddock or Childs

16

signed, withdrew, deposited or transferred funds in CAM's or the Chrisley's bank accounts.

It is not clear in the original Complaint, but paragraphs 59–61 inferred that merely viewing CAM's bank account and printing a cleared check (as evidentiary support for the Emergency Motion) were violations of the Order and/or some undisclosed law. (See Complaint, ¶ 59–61.) These allegations must fail because based on the clear and plain language in the Order there is nothing prohibiting viewing CAM's bank account and printing a cleared check. (See Complaint, Exhibit G.) Instead, the Order sets forth who is authorized to sign on the accounts, deposit funds and withdraw funds. (See Complaint, Exhibit G.) Curiously, if not for the "viewing" of the CAM account, the $219,802.44 transfer made by CAM in violation of the court Order may never have come to light. No wonder they were upset and filed this claim!

Based on its face, the Order does not prohibit viewing CAM's account or cleared checks. (See Complaint, Exhibit G.) Therefore, Childs' actions regarding the Emergency Motion cannot serve as the basis of any allegation of wrongdoing.

        3.   Plaintiff's Claims for Georgia RICO Violations were Frivolous and Wholly Without Evidentiary Support.

Additionally, the RICO claim was frivolous and unsupported by law. The original Complaint was void of any factual support for the conclusory allegations

that Childs committed predicate acts as defined by the RICO statute.    (See Complaint, Count I.)  The original Complaint failed to set forth any factual support that Childs engaged in any predicate act (much less two required predicate acts) to constitute a "pattern of racketeering activity" because Childs did not engage in any conduct that could support a RICO claim.  (See Complaint, Count I.)  Instead of pleading any specific conduct against the individual defendants, Plaintiff and her counsel, TLG, made overbroad conclusory statements against the defendants collectively.  (See Complaint, Count I.)  The lack of factual allegations in the original Complaint and the decision not to name Childs in the Amended Complaint further demonstrates that Plaintiff's claims are frivolous and unsupported by facts.

> 4.    Plaintiff's Claim for Fraud and Accounting was Frivolous and Wholly Without Evidentiary Support.

The fraud and accounting claims are both frivolous and absurd.  The original Complaint was void of even an inkling of evidence that Childs perpetrated a fraud on Plaintiff or that she received any benefits from the alleged fraud.  (See Complaint.)  Plaintiff and her counsel, TLG, make only overbroad conclusory statements that Childs made false statements to which Plaintiff reasonably relied. (See Complaint, Count VI.)  Plaintiff could not provide any further factual information about the alleged statement(s) because no such statements exist. Further, even if such statements were made, it would not be reasonable for the

Plaintiff to rely upon any representations by Childs because she was acting as counsel for Braddock, who Plaintiff sued in multiple lawsuits.

It is even more preposterous that Plaintiff and her counsel, TLG, made a claim for an accounting from Childs.  (See Complaint, Count VI.)   Again, the Complaint was void of any factual accusation that Childs received any money or property from CAM which would warrant an accounting.  (See Complaint.)  This is another example of Plaintiff and TLG's overbroad and generalized allegations against all of the defendants, collectively.

5.     Plaintiff's Claim for Attorneys' Fees and Punitive Damages was Frivolous and Wholly Without Evidentiary Support.

Further, since the RICO and fraud and accounting claims failed, so do the claims for attorneys fees and punitive damages.  See Green v. Home Depot, U.S.A., Inc., 277 Ga. App. 779, 783 (Ct. App. 2006); United Cos. Lending Corp. v. Peacock, 267 Ga. 145, 147 (1996).

C.    Childs is not a Vexatious Litigant.

Lastly, in Paragraph 61 of the original Complaint, Plaintiff and her counsel, TLG, made warrantless accusations that Childs had been labeled as a "vexatious litigant" in federal court.  (See Complaint, ¶ 61.)  This ill attempt to discredit Childs is not only irrelevant since all of the pending lawsuits are brought by Plaintiff or her allegedly related entities, but it is simply not true.

By including this allegation in the Complaint, Plaintiff and her counsel, TLG, demonstrated that they did not undertake even the most cursory investigation to determine if this accusation was grounded in any truth. Upon a simple PACER search for the name "Kim Childs" TLG could have, and should have, discovered that the "Kim Childs" who was labeled a vexatious litigant was not the same "Kim Childs" that they sued. The undersigned Counsel performed this very search upon receipt of the lawsuit and easily found the case referenced by Plaintiff and her counsel, TLG. (See CAFN: 1:12-cv-00407, finding that "Kim Childs," a *pro se* plaintiff, was enjoined from filing future pleadings against the defendants unless she post a bond.) Further, upon looking no further than the docket report, undersigned Counsel noticed that the name and address for the "Kim Childs" in that case does not match the "Kimberly A. Childs" formerly named as a Defendant in this case. (See Docket Report for Childs v. Suntrust Mortgage, Inc., 1:12-cv-00407, attached as "Exhibit 5.")

Childs has never been labeled a vexatious litigant. Plaintiff was quick to defame Childs with these accusations, either without looking at the address for "Kim Childs" listed directly below the litigant's name on the docket report (which would have indicated that the "Kim Childs" who has been labeled a vexatious litigant is not the "Kimberly A. Childs" acting as counsel for Mark Braddock) or

they noticed the different address and chose to knowingly make false statements to the Court in an attempt to discredit and dishonor Childs. Either way, Plaintiff and her counsel, TLG, failed to perform a diligent inquiry and investigation into the accusations they included in the shotgun Complaint, and therefore, Rule 11 Sanctions are warranted against Plaintiff, Robert T. Thompson, Jr., H. Kirk Henson, Jefferson Adams, and Thompson Law Group, LLC.

## CONCLUSION

All the claims against Childs are frivolous and without factual support. Naming Childs in this lawsuit was a strategic attempt by Plaintiff and her counsel, TLG, to have Childs disqualified from representing her client, Braddock, and as an attempt to move the litigation to what Plaintiff and her counsel, TLG, hoped would be a more favorable forum. Therefore, Plaintiff and her counsel, TLG, filed this lawsuit for improper purposes by making frivolous claims that are unsupported by facts and evidence in violation of Federal Rule of Civil Procedure 11. Since Plaintiff, Robert T. Thompson, Jr., H. Kirk Henson, Jefferson Adams, and Thompson Law Group, LLC all violated the prohibitions of Rule 11, they should be sanctioned and Childs should be awarded attorneys' fees and expenses.

WHEREFORE, because Plaintiff and her counsel, TLG, violated Rule 11, Childs respectfully requests that this Court GRANT this Motion and award Childs

attorneys' fees and expenses pursuant to Federal Rule of Civil Procedure 11(c)(4)

as set forth in "Exhibit 6."

Respectfully submitted this 7th day of August, 2013.

HALL BOOTH SMITH, P.C.

/s/ Crystal D. Filiberto
Rush S. Smith, Jr.
Georgia Bar No. 663362
Crystal D. Filiberto
Georgia Bar No. 383451
*Counsel for Kimberly Childs*

191 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30303
P: (404) 954-5000
F: (404) 954-5020
rsmith@hallboothsmith.com
cfiliberto@hallboothsmith.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JULIE CHRISLEY, Individually and          :
as Majority Owner of CHRISLEY             :
ASSET MANAGEMENT, LLC                     :
                                          :
       Plaintiff                          :          CIVIL ACTION FILE
                                          :          NO: 1:12-CV-03524-CAP
v.                                        :
                                          :
MARK BRADDOCK, ALINA CLERIE,              :
KEY ASSET SOLUTIONS, LLC, and             :
ARC AUTO BROKERS, LLC,                    :
                                          :
       Defendants.                        :

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and

foregoing **KIMBERLY A. CHILDS' MEMORANDUM OF LAW IN**

**SUPPORT OF HER AMENDED MOTION FOR SANCTIONS** upon all

parties to this matter via CM/ECF as follows:

Robert T. Thompson                    Kevin A. Maxim
H. Kirk Henson                        The Maxim Law Firm, P.C.
Jefferson Adams                       1718 Peachtree Street, N.W.
Thompson Law Group, LLC               Suite 599
P.O. Box 53484                        Atlanta, Georgia 30309
3423 Piedmont Road
Ivy Place, Suite 530
Atlanta, Georgia 30355

Todd H. Stanton

Stanton Law, LLC

1579 Monroe Drive, Suite F-206

 Atlanta, Georgia   30324

Bob Barr

Law Offices of Bob Barr

3101 Towercreek Parkway, Suite 150

Atlanta, Georgia 30339

This 7th day of August, 2013.

HALL BOOTH SMITH, P.C.

*/s/ Crystal D. Filiberto*

Rush S. Smith, Jr.

Georgia Bar No. 663362

Crystal D. Filiberto

Georgia Bar No. 383451

*Counsel for Kimberly Childs*

191 Peachtree Street, N.E.,

Suite 2900

Atlanta, Georgia 30303

P:  (404) 954-5000

F:  (404) 954-5020

rsmith@hallboothsmith.com

cfiliberto@hallboothsmith.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JULIE CHRISLEY, Individually and          :
as Majority Owner of CHRISLEY            :
ASSET MANAGEMENT, LLC                    :
                                          :
        Plaintiff                         :          CIVIL ACTION FILE
                                          :          NO: 1:12-CV-03524-CAP
v.                                        :
                                          :
MARK BRADDOCK, ALINA CLERIE,             :
KEY ASSET SOLUTIONS, LLC, and            :
ARC AUTO BROKERS, LLC,                   :
                                          :
        Defendants.                       :

**CERTIFICATE OF FONT**

This is to certify that the within and foregoing pleading has been prepared

using Times New Roman, 14 point, font which has been approved by the Court in

L.R. 5.1C.

Respectfully submitted, this 7th day of August, 2013.

                                     HALL BOOTH SMITH, P.C.

                                     */s/ Crystal D. Filiberto*
                                     Crystal D. Filiberto
                                     Georgia Bar No. 383451
                                     *Counsel for Kimberly Childs*

191 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30303
P: (404) 954-5000; F: (404) 954-5020
rsmith@hallboothsmith.com; cfiliberto@hallboothsmith.com