IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JULIE HUGHES CHRISLEY,      )
et al.,                     )
                            )
          Plaintiffs;       )
                            )
vs.                         )        CASE NO. 1:12-CV-3524 CAP
                            )
MARK BRADDOCK, et al.,      )
                            )
          Defendants.       )


MOTIONS HEARING

Tuesday, July 30, 2013

BEFORE THE HON. CHARLES A. PANNELL, JR.


APPEARANCES:


ON BEHALF OF PLAINTIFFS:      Mr. Robert L. Barr, Jr.
                              Mr. Valle Ashley
                              Mr. Lee Pruitt
                              Mr. Robert Thompson
                              Mr. H. Kirk Henson


ON BEHALF OF DEFENDANTS:      Mr. Kevin Allen Maxim
                              Mr. Todd Hamilton Stanton
                              Ms. Crystal Deanna Filberto
                              Mr. Rush S. Smith, Jr.


Reported by:
Martha J. Frutchey
U.S. District Reporter
Room 2314, U.S. Courthouse
75 Spring Street, SW
Atlanta, Georgia  30303-3369
(404) 215-1573

1                        **Tuesday, July 30, 2013**

2            THE COURT:  Sound case 12-CV-2524, Julie Chrisley versus

3    Mark Braddock and others set down today for hearing.  Let me get

4    my list here.  Is Julie Chrisley here?

5            MR. BARR:  She is, Your Honor.

6            THE COURT:  Okay.  Well, usually I ask who is

7    representing the plaintiff, but I have motions pending from two

8    sets of lawyers to be relieved from representing Ms. Chrisley

9    further.  All right.  Mr. Barr is here on behalf of his law firm

10   and presently Ms. Chrisley.  Thompson Law Group, do they have a

11   representative here?

12           MR. THOMPSON:  Robert Thompson, Your Honor.

13           THE COURT:  All right.  And who is here on behalf of

14   Mr. Braddock?

15           MR. STANTON:  Todd Stanton, Your Honor.

16           THE COURT:  Okay.  And Alina Clerie?

17           MR. MAXIM:  Good afternoon, for Alina Clerie.

18           THE COURT:  And Key Asset Solutions.  Mr. Stanton, do

19   you represent them too?

20           MR. STANTON:  That's me.

21           THE COURT:  Now, Private Peering Point, LLC has been

22   terminated.  But ARC Auto Brokers, from what I can determine

23   from my docket is still involved.

24           MR. MAXIM:  Yes, Your Honor.  Kevin Maxim representing

25   ARC Auto Brokers as well.

1    THE COURT:  And Kimberly Childs is represented by -- is

2  anybody here on behalf of Kimberly Childs?

3    MS. FILBERTO:  Crystal Filberto, Your Honor, and Rush

4  Smith.

5    THE COURT:  Okay.  Well, I had a terrible time figuring

6  this out.  Let me mention to you, when I set this hearing I kept

7  the rest of the afternoon free, but yesterday I was informed

8  that I'm going to have to go to a meeting at three o'clock with

9  Judge O'Kelley and Judge Carnes that should take about

10  forty-five minutes to an hour.  So if I can't finish this in an

11  hour, I may ask you to be back here at four o'clock or be back

12  here later in the week.

13    Let's see what I want to start with first.  I have a

14  motion by Ms. Childs for sanctions.  Let me just see where I can

15  start.  Well, let me try this.  It's my understanding that

16  Chrisley Asset Management, LLC is now in bankruptcy and they are

17  not a party to this lawsuit.  Am I correct or incorrect?

18    MR. BARR:  They are not a party to this lawsuit, and it

19  is our understanding as well, Your Honor, on behalf of Ms.

20  Chrisley that CAM is currently in bankruptcy in the Northern

21  District of Georgia.

22    THE COURT:  And a trustee has been appointed.

23    MR. BARR:  I don't know whether the trustee has formally

24  been appointed, but we have communicated with an attorney who

25  has indicated directly to us that he plans to be the trustee,

1   but there has not been a formal appointment, as I understand it,

2   yet.

3        MR. STANTON:  I believe that the trustee has been

4   appointed.  I'm not sure if he's accepted.

5        THE COURT:  Let me make sure I understand something.

6   It's my belief at no time from the time this lawsuit was filed

7   was Ms. Chrisley acting in an official capacity on behalf of

8   Chrisley Asset Management, so it is my belief they have never

9   been a party to this lawsuit.  Am I correct?

10       MR. BARR:  I'm sorry.  That what?

11       THE COURT:  That Chrisley Asset Management, LLC has

12   never been a party to this lawsuit.

13       MR. BARR:  That is correct, Your Honor.

14       THE COURT:  Okay.  Now, let's see.  Pacific Development

15   is out.  Private Peering is out.  Okay.  Let me ask.  At this

16   time there have been or are now two cases in Fulton Superior

17   Court, and the best we could figure out, one may be terminated,

18   but the other one has not been.

19       What is the status of the cases in Fulton County,

20   Chrisley versus Braddock?  I'm particularly interested in Fulton

21   case 2012 CV 219963 that Al Dempsey has, Judge Dempsey.

22       MR. BARR:  Yes.  In a word, confused, Your Honor, in

23   terms of the status.  We are not representing any of the

24   parties, certainly not Ms. Chrisley, in those actions, but it's

25   our understanding after reviewing on a regular -- as regular a

1   basis as we can, that there are still matters actively before

2   Judge Dempsey, possibly also on appeal in the state system, but

3   there may be questions later on that come up in that case about

4   the exact status of it.  All I can do is state in my place, Your

5   Honor, that as far as we can tell, there are still aspects of

6   those matters still pending before Judge Dempsey.

7          MR. STANTON:  I'd be happy to give you the status of all

8   of those cases, Your Honor.

9          THE COURT:  All right.  Well, my next question is going

10  to be are the issues in the Fulton County case the same as the

11  issues in this case?

12         MR. STANTON:  That is difficult to say, Your Honor.

13  Currently the way this was initiated, and I apologize for the

14  confusion and the longer story, but it's the only way to get it

15  done.  There was originally a Temporary Restraining Order filed

16  on August the 14th of 2012 by Mrs. Chrisley against Mr. Braddock

17  in the Superior Court.  That case was eventually, after several

18  machinations, assigned to Judge Dempsey.  Judge Dempsey

19  appointed, or the presiding judge, Judge Schwall, before it was

20  assigned to the probate judge, Judge Dempsey, appointed Lee

21  Nicholson as a receiver.

22         Over the next couple of months Mr. Nicholson served as a

23  receiver until the beginning of October, at which time

24  Mr. Braddock became aware that Mr. Nicholson issued a check for

25  about $220,000 to Ms. Chrisley while the company was in

1    receivership.

2         That afternoon we filed an emergency motion to have that

3    money returned.  Judge Dempsey ordered that money returned and

4    gave Ms. Chrisley four days and Mr. Nicholson four days to

5    comply.  She did not comply, and eventually that became -- after

6    she was ordered to comply, Ms. Chrisley, through the Thompson

7    Law Group, dismissed the receivership action, tried to dismiss

8    it, which did not have any effect simply because it's a

9    receivership action, they couldn't terminate it, and appealed

10   that matter, appealed the Order to return the money.

11        THE COURT:  The contempt Order.

12        MR. STANTON:  No, sir.  We are not there yet.

13        THE COURT:  Oh.

14        MR. STANTON:  So that Order the appeal was based upon

15   what Ms. Chrisley believed was Mr. Dempsey or Judge Dempsey's

16   lack of authority to enter an Order after they tried to end the

17   receivership.  The Court of Appeals rejected the appeal and

18   allowed Judge Dempsey to continue.

19        Fast forward in the parallel federal proceedings, we had

20   on October the 9th, the original 71-page Complaint was filed

21   just after the appeal was filed with the Georgia Court of

22   Appeals, largely cut and pasting the allegations out of the

23   receivership -- excuse me, out of the temporary injunction into

24   the Complaint.

25        That matter continued in this court, as you are aware,

1    through the Thompson Law Group's motion for withdrawal and

2    through the repleader.

3            On February the 14th, I believe, there was a hearing in

4    front of Judge Dempsey with respect to Ms. Chrisley's failure to

5    return the $220,000 as directed.  She demanded, and Judge

6    Dempsey granted a jury trial on her alleged failure -- the

7    inability to pay defense to return that 220.  Her position all

8    along has been that she does not have money to return to CAM as

9    directed by Judge Dempsey.

10           During that hearing as well, Judge Dempsey asked that

11   she post a bond, required that she post a bond by February 20th

12   in the amount of $220,000.  He then found Ms. Chrisley in

13   contempt for failure to produce financial records as directed in

14   his October 5th Order, I believe.  That matter was appealed as

15   well.

16           Both of those appeals, one of which she is appealing an

17   Order that she won, the jury trial, and it's been briefed, and

18   appealing the Order on contempt has been briefed.  We asked to

19   supplement the record with the Court of Appeals.  The Court of

20   Appeals sent the matter back to the Fulton County Superior

21   Court, had the record supplemented, and that's where that sits.

22           So it is still active in front of Judge Dempsey.  There

23   will be a jury trial forthcoming hopefully sometime in the fall

24   on Ms. Chrisley's alleged inability to pay the $220,000, as well

25   as whether or not she purged herself of contempt by submitting a

1    series of financial documents.

2         THE COURT:  But that's sort of a side issue of what the

3    original suit was about.

4         MR. STANTON:  There are a lot of side issues, yes, Your

5    Honor.  The original suit --

6         THE COURT:  I have an Order from Georgia Court of

7    Appeals, June 6th, 2013.  Basically, the way I understand it, it

8    went up there on appeal.  Nobody can figure out what the record

9    is.  Everybody wants to supplement the record, so the Court of

10   Appeals said we are remanding it back.  You all can figure out

11   your record and come back and see us later.

12        MR. STANTON:  Yes, sir; yes, Your Honor.

13        THE COURT:  But that appeal is on the contempt or both

14   Orders?

15        MR. STANTON:  Yes.

16        THE COURT:  On both Orders?

17        MR. STANTON:  Both Orders; the Order for a jury trial

18   granting her demand for a jury trial, as well as the Order on

19   contempt.

20        THE COURT:  All right.  But that case started out

21   basically with the same Complaints by Ms. Chrisley as this case.

22        MR. STANTON:  I'm not going to say that it is identical,

23   no, Your Honor.  The Complaint that was filed wasn't even --

24   plaintiff will take the position it wasn't a Complaint.  It was

25   simply an action for a TRO to enjoin Mr. Braddock and Ms. Clerie

1    from entering the CAM premises or having anything to do with the

2    CAM operations.  It wasn't a Complaint.  It didn't ask for

3    damages or anything else, just asked for an injunction.

4         Again, when that ended up in front of Judge Dempsey,

5    Judge Dempsey did not take kindly to the way that it had been

6    presented to Judge Schwall.  Basically said, I'm in charge now,

7    and that's when we went through with the contempt motion.

8         THE COURT:  Meanwhile, I'm totally lost here.  There was

9    another lawsuit, 2012 CV 222070, Easy Title Loans versus Pacific

10   Development Partners -- no, Easy and Pacific versus Grace

11   Realty, Key Asset, Buckhead, LLC and Mark Braddock.

12        MR. STANTON:  Correct.  That was a matter also filed by

13   Ms. Chrisley to -- is, as far as I know, a member of Easy Title

14   Loans, LLC.  She sued on behalf of Easy Title and Pacific.

15   Pacific Development Partners is a company that is wholly owned

16   by my client, Mr. Braddock, so she was suing my client with a

17   company that he owned.  We made a motion to prove authority in

18   that matter.  It was not responded to and eventually that suit

19   was dropped.

20        THE COURT:  Dismissed without prejudice.

21        MR. STANTON:  Dismissed without prejudice.  That had to

22   deal with what Ms. Chrisley alleged was the wrongful foreclosure

23   of a multi million dollar property on 830 West Conway.  That

24   matter had gone to foreclosure sale and that was their attempt

25   to undo that foreclosure sale.

1        THE COURT:  Well, let me ask it another way.  Is there

2   overlap in the issues that are now -- well, no.

3        MR. STANTON:  Your Honor, I don't believe there is any

4   overlap.

5        THE COURT:  According to you, really there is not -- I

6   don't know what you call it pending.  It's not a lawsuit.  It is

7   some kind of motion for a TRO in Superior Court?

8        MR. STANTON:  Well, that has been purportedly dismissed,

9   Your Honor.  That was the -- Thompson Law Group purportedly

10   dismissed that TRO and in an effort to avoid the Order to return

11   the money from Judge Dempsey.  All right?  So the receivership,

12   CAM stayed in receiver and is still in receivership through

13   bankruptcy.  Mr. Nicholson, the original receiver, was removed

14   by Judge Dempsey on October the 20th of 2012, at which time the

15   Order to return the funds was -- excuse me.  Judge Dempsey

16   replaced Lee Nicholson as receiver on October 20th, at the same

17   time that he ordered Ms. Chrisley to produce financial records

18   demonstrating her inability to pay.

19        The only matters pending before Judge Dempsey will be

20   the contempt matter coming up in the fall, as soon as the appeal

21   is resolved.  And quite frankly, no matter which way the Court

22   of Appeals comes down, there is still going to be a jury trial

23   on her alleged inability to pay.  It's inconsequential what the

24   Court of Appeals rules.

25        THE COURT:  All right.  Well, let's talk about at docket

1  34.  Ms. Childs has a motion for sanctions.  I'd like to know

2  who that motion is against, because the motion keeps talking

3  about plaintiffs, and in the brief, in reading the brief I think

4  you are trying to get sanctions against both Ms. Chrisley and

5  the Thompson Law Group.  Tell me about your motion, please.

6      MS. FILBERTO:  Yes, Your Honor.  Our motion, I think the

7  confusion with the plaintiffs being plural in the beginning was

8  at that point if you recall our motion was filed back in early

9  December before the parties had a chance to hash out whether or

10  not CAM was supposed to be a named party to this case or not.

11  So our motion for sanctions is against the plaintiff, Ms.

12  Chrisley.

13      THE COURT:  And not against Thompson Law Group?

14      MS. FILBERTO:  Your Honor, to the extent that --

15      THE COURT:  The reason I'm asking, Thompson Law Group

16  wants out.  If your motion for sanctions is going to involve

17  Thompson Law Group, I may not be so anxious to let them out.

18      MS. FILBERTO:  Well, I believe it involved Thompson Law

19  Group to the extent the initial filings and everything were done

20  on their behalf.

21      THE COURT:  Wait a minute.  I just want to know who you

22  are seeking sanctions against.

23      MS. FILBERTO:  Both of them, Your Honor.

24      THE COURT:  But you are not seeking sanctions against

25  Mr. Barr or his law firm.

 1          MS. FILBERTO:  No.

 2          THE COURT:  Or Pacific Development.  For some reason I

 3   put down Pacific Development.

 4          MS. FILBERTO:  No.

 5          THE COURT:  Okay.  So Ms. Chrisley wouldn't have any

 6   objection to releasing -- or Ms. Childs wouldn't have any

 7   objection to releasing Mr. Barr, or may have an objection to

 8   releasing Thompson Law Group?

 9          MS. FILBERTO:  That's correct, Your Honor.

10          THE COURT:  All right.  Well, let me get -- skip to

11   how -- I know this may not make sense to you, how I'm going

12   through this.  But all right.  At docket 64, 65, 66 and 67 there

13   are motions to dismiss.  My question on those, because we really

14   didn't include those in our notice today, are those ready for

15   the Court to rule on?

16          MR. BARR:  From our standpoint, yes, Your Honor.  They

17   have been fully briefed.

18          THE COURT:  Sometimes lawyers have agreements among

19   themselves somehow, but I just want to make sure, because I have

20   given extensions, I think on those, but they are ready for me to

21   rule on.  Okay.  Well, let me ask Ms. Chrisley.  Do you have any

22   objections to the Court releasing Mr. Barr as your attorney?

23          MS.  CHRISLEY:  No, sir.

24          THE COURT:  Are you going to employ some attorney to

25   represent you at this point forward?

```
 1          MS. CHRISLEY:  Yes, sir.

 2          THE COURT:  Who is that?

 3          MS. CHRISLEY:  I have employed Mr. Jim Deichert and

 4  Mr. Steve Kushner, and with their help they are going to -- with

 5  their advisement they are going to help me to find someone to

 6  represent me from here on out.

 7          THE COURT:  Wait a minute.  Mr. Kushner and Mr. Deichert

 8  are not going to represent you?

 9          MS. CHRISLEY:  They are representing me on other

10  matters, but for this --

11          THE COURT:  I want to know who is going to make an

12  appearance in this case on your behalf from today forward before

13  I let Mr. Barr out.

14          MS. CHRISLEY:  Okay.

15          THE COURT:  I don't want to leave you without an

16  attorney.

17          MS. CHRISLEY:  Yes, sir.  Could you give me thirty days

18  to do that?

19          THE COURT:  No.  You have had notice of his motion.  You

20  have had notice of his --

21          MS. CHRISLEY:  Okay.

22          THE COURT:  But you don't know today.  Is that right?

23          MS. CHRISLEY:  No, sir.

24          THE COURT:  Okay.

25          MS. CHRISLEY:  I can tell you that Mr. Kushner and
```

1    Mr. Deichert have been retained, but they are not going to

2    handle this particular matter in regards to the case.

3        THE COURT:  Well, that doesn't make sense.  Either they

4    have been retained for this case, are going to represent you, or

5    they haven't been retained for this case.  I assume what you

6    mean is they have been retained in other matters.

7        MS. CHRISLEY:  Yes, sir.

8        THE COURT:  All right.  Well, let's see.  Well, let me

9    address the next one, the Thompson Law Group.  Do you want to be

10   heard on your motion to withdraw?

11       MR. THOMPSON:  Yes, Your Honor.

12       THE COURT:  All right.

13       MR. THOMPSON:  I might add, though, that the defendant,

14   Kimberly Childs, motion for sanctions, the only entity or person

15   addressed in the conclusion and throughout is the plaintiffs.

16   We never have been a plaintiff in this case.

17       THE COURT:  Well, that caused me some confusion too, but

18   then one of their briefs sort of targeted you.  That's the

19   reason I asked the young lady over here who they wanted to

20   sanction.  Let's see.  Well, I don't know if I can sit here and

21   find it now, but I have been reading the brief.  There wasn't

22   much question in my mind that they were wanting to proceed

23   against Chrisley and the Thompson Law Group, but then just

24   reading the motion, itself, a lot of it just talks about

25   plaintiff or plaintiffs, and I had that concern myself, but I

```
 1    don't at this instance.
 2         MR. THOMPSON:  Right, Your Honor.  The reply brief
 3    mentioned that, but the original motion just focused on --
 4         THE COURT:  Well, I'll let them amend their motion.  You
 5    have ten days to amend your motion.
 6         MS. FILBERTO:  Thank you, Your Honor.
 7         THE COURT:  And I will not rule on the motion to
 8    withdraw by the Thompson Law Group.  Now, I'm trying to think if
 9    there is any reason I shouldn't -- Well, let me just direct Ms.
10    Chrisley to notify the Court within fourteen days of today who
11    your new attorney is going to be.
12         MS. CHRISLEY:  Yes, sir.
13         THE COURT:  And when you notify me, it's my inclination
14    here, I'm not going to promise you this, but I'll let Mr. Barr
15    and his firm out.
16         MS. CHRISLEY:  Okay.
17         THE COURT:  Okay.  Are there any other matters we need
18    to talk about today?  Oh, what a mess.
19         MR. BARR:  We have none, Your Honor.
20         THE COURT:  Well, I have got a lot of other questions,
21    but I don't think I'm going to ask them today.  I'll wait for
22    Ms. Chrisley's new attorney to get in and see what they are
23    going to do, and then I'll let them amend as to the sanctions,
24    clarify that, and then we'll deal with that.
25         In the meantime, probably it would be helpful if the
```

1    Court would go on and rule on the motions to dismiss.  We'll try

2    to get that done.  All right.  Any other questions you have for

3    me or any other matters of business we need to come up with?

4              MR. BARR:  So as of now, Your Honor --

5              THE COURT:  You are still in.

6              MR. BARR:  We are still in.

7              THE COURT:  Until you get an Order saying you are out.

8              MR. BARR:  We understand.

9              THE COURT:  But I don't expect you to be doing a whole

10   lot, except just holding the fort until she gets a new lawyer.

11             MR. BARR:  Thank you, Your Honor.

12             THE COURT:  Okay.  All right.  Well, thank you very

13   much.

14             MS. CHRISLEY:  Thank you.

15

16

17

18

19

20

21

22

23

24

25

# C E R T I F I C A T E

   I, Martha J. Frutchey, do hereby certify that I am a U.S.
District Court Reporter for the Northern District of Georgia,
Atlanta Division; that I reported the foregoing and the same is
a true and accurate transcription of my shorthand notes as
taken aforesaid.


_____
Martha J. Frutchey