## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| JULIE CHRISLEY, individually and in her capacity as the majority owner of CHRISLEY ASSET MANAGEMENT, LLC, | } } } } } |
| Plaintiff, | } Civil Action NO. 1:12 CV-03524 |
| v. | } } Judge Charles A. Pannell, Jr. |
| MARK BRADDOCK, ALINA CLERIE, KEY ASSET SOLUTIONS, LLC, and ARC AUTO BROKERS, LLC, | } } } |
| Defendants. | } } } |

## THE THOMPSON LAW GROUP, LLC'S OPPOSITION TO KIMBERLY CHILDS' AMENDED MOTION FOR SANCTIONS [DOC. # 98]

COMES NOW The Thompson Law Group, LLC ("Thompson" or "counsel"), who respond to and oppose the Amended Motion for Sanctions [Doc. #98] filed by Kimberly A. Childs, and show as follows:

## INTRODUCTION

Kimberly A. Childs' ("Childs") Amended Motion for Sanctions and Memorandum of Law in Support of her Motion, which substantially copies her earlier pleadings in support of sanctions, continues to be based on "inferences",

evidence consisting of e-mails sent by unrelated parties, and post-filing developments in this case.  Consistent with her prior pleadings, Childs nowhere denies the allegations in Plaintiffs' initial complaint that she and her client, Mark Braddock, unlawfully accessed Plaintiffs' private and protected bank accounts and retrieved financial records, as evidenced by her use of those records in the Fulton County Superior Court litigation.  These allegations in Plaintiffs' initial Complaint, which were based on documented evidence confirmed by counsel's interview of key witnesses, provided a good faith basis in fact and law for making the allegations against Childs.  Rule 11 sanctions are determined by the record ***as it existed at the time the filing was made***.  Later evidence and developments of this case – all of which were completely out of the control of Thompson – are irrelevant in determining whether sanctions are warranted.  Apart from her "inferences" and other post-hoc developments, Childs offers no direct legal or factual evidence to support the basis for Rule 11 sanctions, but rather improperly seeks to shift the burden to Thompson to ***affirmatively*** prove that its motives were proper and that the Complaint had a good faith basis in law and fact.  Although that is not the standard for determining whether to award sanctions, Thompson has done precisely that, and therefore sanctions are unwarranted.

In addition to this Opposition, Thompson incorporates its Opposition to Child's original Motion for Sanctions [Doc. # 56], as if set forth in full herein.

## SUMMARY OF ALLEGATIONS AGAINST CHILDS AND COUNSEL'S PRE-FILING INVESTIGATION

A.     **The Superior Court's Appointment of Receiver, Restricting Access to CAM's Bank Account to the Receiver**.

On August 15, 2012, the Honorable Craig L. Schwall, Presiding Judge of the Superior Court, Fulton County, Georgia, ordered that a Receiver be appointed for Chrisley Asset Management, LLC ("CAM"), and that no access to CAM's bank accounts or other financial affairs be allowed by the parties without the involvement of and approval by the Receiver.  (Complaint, ¶ 58)[1]  (A certified copy of the Transcript of Proceedings regarding the proceedings in which the Receivership Order was entered is attached as Exhibit "G" to the Complaint.)

---

[1] Citations are the Plaintiffs' initial Complaint, which is the operative Complaint involved in Childs' Motion.

3

**B.**     **Documented, Prima Facie Evidence of Childs' Violation of The Order, as well as State and Federal Laws**.

On October 2, 2012, Childs filed in Fulton County Superior Court an "Emergency Motion for Order to Preserve Assets in Receivership", ("Emergency Motion").  (Complaint, ¶ 59).

An exhibit to that Emergency Motion, and the purported basis for the Motion, is a copy of a wire notification paid to Julie Chrisley and a copy of a cleared check to the escrow account of Scott Sanders, legal counsel for the Receiver.  These records were ***only*** accessible through the ***private and confidential*** CAM account with JPMorgan Chase Bank.  (Id.)  Thus, Plaintiffs alleged that the document filed by Childs in connection with the Emergency Motion "***in and of itself*** conclusively demonstrates" that Childs had unlawfully accessed CAM's and the Chrisleys' private, secure bank accounts, in violation of state and federal banking laws.  (Id., ¶ 60) (emphasis added).

**C.**     **Counsel Independently Confirmed that There Was a Factual Basis for the Claims Against Childs**

In addition to the prima facie, documented evidence of Defendants' – at that time including Childs – unlawful accessing of Plaintiffs' bank account,

counsel *independently confirmed* with their clients and others that a factual

basis existed for bringing the claims against Childs prior to filing the Complaint.

Counsel was informed by the then-Receiver, Lee Nicholson, that

Plaintiffs' bank, JPMorgan Chase, had assured Nicholson that no one other than

the Receiver had authority to access CAM's bank account. (Affidavit of Robert

T. Thompson, Jr. ("Thompson Aff."), at ¶ 2).[2]

Moreover, Mr. Nicholson testified in the Superior Court proceeding that

the evidence showed that Braddock and Childs had illegally accessed the CAM

bank account:

> At the 10/02/02 hearing Defendant's counsel attached to
> its emergency motion heard by [the court] an email
> notification from Chase Bank to Mark Braddock
> regarding the secured loan payment from my receiver's
> bank account solely set up as a private bank account for
> CAM under Judge Schwall's rulings. Mr. Braddock and
> his lawyers were not supposed to have any access or
> internal knowledge of the Receiver's private CAM
> account, and yet Mr. Braddock somehow received this
> email notice directly from Chase. Curiously, Ms. Childs
> previously was the law partner of attorney Joseph Wargo,
> who is currently representing Chase Bank in this very
> dispute. In addition, also attached to Braddock's
> emergency motion was a copy of the cancelled check

---

[2] References to the Thompson Affidavit incorporate and refer to the Affidavit filed
in support of counsel Opposition to Childs' initial Motion for Sanctions, filed
February 15, 2013. [Doc. #56].

from me retaining my current lawyer, Scott Sanders. This retainer check was also improperly and illegally obtained by Mark Braddock and his legal counsel from the Receiver's same private CAM bank account. How did Kim Childs, Todd Stanton, and Mark Braddock obtain this private bank document on an account in which they have no rights, authority or access? The evidence of this illegal access were used as exhibits attached to Kim Child's emergency motion heard by [the court], yet during the hearing the court did not seem to acknowledge the severity of what Ms. Childs' and her client's possession of that information and what these documents imply. My lawyer has repeatedly demanded that Ms. Childs and Mr. Stanton explain how these documents were obtained, but so far they have refused. (See Thompson Aff., ¶ 3 and Exhibit "A" to Thompson Aff. at pp. 3-4).

In addition, counsel interviewed Todd and Julie Chrisley on multiple occasions, both of whom assured counsel that the banking documents submitted by Childs could only have been obtained fraudulently and through the unlawful access of CAM's bank account. (Id., ¶ 4). The Chrisleys also assured counsel that their electronic mail accounts and computer files had been "hacked" repeatedly by Defendants. (Id.)

6

**D.     Plaintiffs' Claims Against Childs, which Counsel Intended to Prove Through Discovery.**

On the basis of this ***documented and independently verified evidence*** of unlawfully-obtained banking information, Plaintiffs alleged that Childs, in collusion with the other Defendants, violated the Georgia RICO statute, O.C.G.A. § 16-14-1, *et seq*., which includes, as predicate acts, a wide range of federal statutes, including:  18 U.S.C. § 1344 (relating to financial institution fraud), 18 U.S.C. § 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), and 18 U.S.C. § 1960 (relating to illegal money transmitters).  (Complaint, ¶ 80).

**E.     Counsel's Motion to Withdraw Prior to Discovery Commencing, and Substitute Counsel's Unilateral Election to Voluntarily Dismiss Childs Without Prejudice.**

Before counsel could explore in discovery the allegations evidenced by the Superior Court filings and confirmed by counsel's clients, counsel was required to file a Motion to Withdraw due to nonpayment of fees. [Doc. # 38].

Plaintiffs obtained substitute counsel who appeared in this case on December 20, 2012 [Doc. # 41] and who assumed control of Plaintiffs' case.

Plaintiffs' substitute counsel voluntarily filed on January 7, 2013 a Motion to Dismiss Childs Without Prejudice (Doc. # 48), which the Court granted.  [Doc. # 49].

Plaintiffs' substitute counsel's decision to dismiss Childs was made without consulting with or notifying Thompson.  (Thompson Aff., ¶ 4).

## ARGUMENT

### A.   Federal Rule of Civil Procedure 11 Standard.

"When a court is confronted with a motion for sanctions under Rule 11 . . . it must first determine whether the party's claim is objectively frivolous, in view of the law or facts, and then, if it is, whether the person signing the document should have been aware that it was frivolous."  *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1573 (11th Cir. 1995), citing  *Jones v. International Riding Helmets, Ltd.,* 49 F.3d 692, 695 (11th Cir. 1995), *McGuire Oil Co. v. Mapco, Inc.,* 958 F.2d 1552, 1563 (11th Cir. 1992)).  *See also Oliver v. Lib Props*., 2010 U.S. Dist. LEXIS 72692, *24-25 (N.D. Ga. 2010) ("The objective standard for testing conduct under Rule 11 is 'reasonableness under the circumstances' and 'what was reasonable to believe at the time' the pleading was submitted. . . . To determine whether a pleading meets this objective reasonableness standard, the Eleventh

Circuit Court of Appeals requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous."), citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

"The reasonableness of the prefiling inquiry may depend on the following factors: the time available to the signer for investigation, whether he had to rely on a client for information as to the underlying facts, and whether the paper was based on a plausible view of the law." *Glatter v. Mroz (In re Mroz),* 65 F.3d at 1573, citing *Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc)). Moreover, "[t]he reasonableness of the inquiry may depend on the extent to which factual development necessitates discovery." *Id.*

The burden is on the Rule 11 movant to prove that sanctions are warranted, and "[a]ll doubts regarding whether Rule 11 has been violated should be resolved in favor of the signer of the paper." *See, e.g., McMahon Sec. Co. v. FB Foods, Inc.*, No. 8:04-1791, 2006 WL 2092643, at *2 (M.D. Fla. July 27, 2006) (quoting Georgene M. Vairo, *Rule 11 Sanctions: Case Law, Perspectives & Preventative Measures* 223 (Richard G. Johnson ed., ABA, 3d ed. 2004)).

Based upon this accepted criteria, Childs has clearly failed to show that sanctions against Thompson are warranted, who acted based on documented evidence of wrongdoing, confirmed and supported by the clients' repeated and vehement assertions.  Indeed, Childs in her Motion does not conclusively deny the allegations made against her, relying instead on "inferences", irrelevant third-party comments, and developments post-dating the filing of the Complaint which were out of the control of Thompson.

## B.  **Plaintiffs' Claims Were Not Objectively Frivolous and Had Substantial, Documented Support**.

In considering a motion for Rule 11 sanctions, the court must "first determine[] whether the party's claims are objectively frivolous--in view of the facts or law." *Jones v. International Riding Helmets*, 49 F.3d 692 (11th Cir. Ga. 1995).

"A complaint is factually groundless and merits sanctions where the plaintiff has ***absolutely no evidence*** to support its allegations." *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1573 (11th Cir. 1995) (emphasis added).  Even if the evidence is weak, as long as there is ***some evidence*** to support an allegation sanctions are not warranted.  *Davis v. Carl*, 906 F.2d 533, 536-537 (11th Cir.

1990) (weak evidence does not usually justify sanctions, unlike the case where no evidence is presented to support the factual allegations).

Finally, whether a claim has merit must be judged at the time the complaint was filed; subsequent developments are not relevant to the inquiry. *Jones v. International Riding Helmets*, 49 F.3d at 695 (stating that the "prohibition against using hindsight to determine whether a pleading had a reasonable basis when filed is intended to protect parties who file pleadings which appear well-grounded when filed, but which discovery or subsequent investigation reveals to be meritless.")

Here, it is undisputed that there was substantial evidence to support Plaintiffs' allegations against Childs at the time the Complaint was filed. As discussed above, Childs presented to the Superior Court bank records that Plaintiffs alleged could not have been obtained without violating banking and privacy laws. Thompson confirmed this unlawful accessing of CAM's bank account with two independent witnesses prior to filing the Complaint. In light of this documented evidence supporting Plaintiffs' allegations, Rule 11 sanctions are unwarranted. See, e.g., *Rounseville v. Zahl*, 13 F.3d 625, 633 (2d Cir. 1994) (Rule 11 sanctions not warranted where "the available circumstantial evidence could plausibly support the inference that there was a" claim); *Cal. Architectural Bldg.*

*Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987) (Rule 11 sanctions not warranted where some circumstantial evidence, however weak, existed to support plaintiffs' claims); *Doctors Medical Ctr. of Modesto, Inc. v. Principal Life Ins. Co.*, No. CV-F-10-452, 2010 WL 720046, *5 (E.D. Cal. 2011) (denying Rule 11 motion, in part, because plaintiff submitted "evidence supporting its position that its claims . . . [we]re colorable, based on some evidence, and were made after a reasonable inquiry"); *MetLife Bank, N.A. v. Badostain*, 2010 U.S. Dist. LEXIS 138261, *21 (D. Idaho 2010) (circumstantial evidence is sufficient to satisfy Rule 11's evidentiary-support requirement, although it "may not [be] sufficient evidence to withstand a motion for summary judgment").

Indeed, Childs has not affirmatively and conclusively addressed and denied this allegation, either before this Court or in the state court proceeding – indeed, she ***admits*** that she accessed CAM's bank account and used data downloaded from that account in the Superior Court proceeding.  In her various pleadings in support of sanctions, Childs claims that "[t]hese allegations [regarding her accessing CAM's account] must fail because . . . there is nothing prohibiting viewing CAM's bank account and printing a cleared check."  [Amended Motion,

p. 17.  See also Memorandum in Support of Motion for Sanctions, Doc. # 34-6, pp. 12-13].  Childs' argument that there is "nothing prohibiting" her conduct in the Superior Court Order not only lacks merit given that that the Order specifically limited access to and control over CAM's bank accounts to the receiver, but it totally ignores Plaintiffs' claims that her conduct violated federal bank and privacy laws.  [See Complaint, ¶¶ 59-60, 80, 83, 86].  *Cf., Moore v. Bank of Dahlonega,* 82 Ga. App. 142, 147 (60 S.E.2d 507) (1950) (recognizing a private cause of action for fraudulently drawn banking instruments).

Childs also claims that Thompson failed to adequately investigate these allegations prior to filing because July Chrisley was *later* found to be in contempt by the Superior Court and CAM's first receiver's *subsequent* request to resign was granted by the court.  [Amended Motion, pp. 14-15.]  She also claims that Plaintiffs' new counsel dismissed Childs without prejudice in a later, amended Complaint.  [Id., p. 15].  These arguments regarding post-filing developments are irrelevant to the issue of Rule 11 sanctions, which must be based on the record as it existed.  *Oliver v. Lib Props*., 2010 U.S. Dist. LEXIS 72692, *24-25 (N.D. Ga. 2010) ("The objective standard for testing conduct under Rule 11 is . . . 'what was reasonable to believe at the time' the pleading was submitted.")  The record set

forth above clearly shows that the allegations against Childs were well grounded in law and fact at the time they made in the initial Complaint.

## C.   Counsel Made a Reasonable Inquiry Prior to Filing the Complaint.

Even if the Court determines that Plaintiffs' claims against Childs lacked merit, Rule 11 sanctions are still not warranted because counsel made a diligent inquiry and investigation of the claims prior to filing the Complaint.

"The reasonableness of the prefiling inquiry may depend on such factors as how much time for investigation was available to the signer [and] whether he had to rely on a client for information as to the underlying facts". *Jones v. International Riding Helmets*, 49 F.3d 692, 695 (11th Cir. 1995), citing *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc).  "The reasonableness of the inquiry may also depend on the extent to which factual development requires discovery." Id., citing *Mapco*, 958 F.2d at 1563.

Each of these factors militates in favor of a finding of a reasonable pre-filing inquiry on the part of counsel.  First, as discussed above, counsel had independent documentary evidence that Childs -- at a minimum -- knowingly used evidence obtained from unlawful access to Plaintiffs' bank account.  Indeed,

despite repeated allegations that the banking records are prima facie evidence of unlawful activity made in both the state court and these proceedings, Defendants and Childs still have not unequivocally denied that allegation. See Motion at p. 4 ("Upon receipt of a bank email of a pending wire transfer from CAM . . . .").[3]

Moreover, as set forth above, counsel confirmed with its clients and the receiver that the bank account was unlawfully accessed, and both strenuously supported and affirmed the validity of this allegation. (Thompson Aff., ¶ 3). *See Macmillian, Inc. v. American Express Co.,* 125 F.R.D. 71, 80 (S.D.N.Y. 1989) (Rule 11 sanctions not warranted where counsel conducted reasonable prefiling investigation and had reasonable basis for claims).

Finally, given the complexity of this case, counsel exhausted the channels of information and evidence available to it prior to filing the Complaint, and required discovery to develop further evidence to support the prima facie evidence detailed in the Complaint, discovery which was not available to counsel prior to

---

[3] Even if Childs was not directly involved in unlawfully accessing CAM's accounts, she became complicit in that conduct when she presented the obviously illegally-obtained evidence to the Superior Court in violation of Ga. Rule of Prof. Conduct Rule 3.3(a)(2) ("A lawyer shall not knowingly . . . fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client.").

the filing of the Motion.  *McGuire Oil Co. v. Mapco, Inc*., 958 F.2d at 1563

(denial of Rule 11 sanctions upheld where "counterclaims were reasonable under

the circumstances . . . given the complexity of the facts and legal issues involved. .

. . The level of inquiry necessary in a given case depends on the complexity of the

issues and the need for and availability of discovery.  This case presents issues of

great complexity and involved an acrimonious struggle between the parties for

access to the information relevant to each party's claims.").

     Indeed, this case is strikingly similar to the facts in *Glatter v. Mroz (In re

Mroz)*, 65 F.3d 1567 (11th Cir. 1995), in which the court found that sanctions

were not warranted.  In *Mroz*, the court found that "[t]here was nothing known to

[counsel] at that time he signed the complaint to lead him to believe that the

factual allegations were frivolous. . . . [T]he Trustee had several discussions with

its counsel concerning the alleged preferential transfers. [Counsel] also discussed

the alleged preferential transfers with the Debtor and secured an affidavit from

him, under penalty of perjury, concerning the money transfers.  . . . . These factual

allegations, if true, would likely establish a preferential transfer[].  Thus, although

the affidavit (and the Debtor's testimony) may have been insufficient to succeed at

trial, under Bankruptcy Rule 9011 it was sufficient to warrant the filing of the complaint." *Id*. at 1573-1574.

### D.   <u>The Complaint Was Not Filed for an Improper Purpose</u>.

Childs similarly claims that Thompson filed the Complaint was filed for the "improper purpose[s]" of disqualifying Childs in the Superior Court litigation, as well to "forum shop". [Memorandum in Support of Amended Motion, pp. 9-12]. The only evidence cited by Childs in support of this claim are two e-mails send by the counsel of the former receiver – who had no connection with Thomson – as well as her "reasonable inference" that the Complaint was filed for an improper purpose. [Id., p. 12].

Rule 11 defines the term "improper purpose" to include actions that are meant to harass or to cause unnecessary delay or needless increase in the costs of litigation. Fed. R. Civ. P. 11(b)(1).

The Fourth Circuit has elaborated that "[i]f a complaint is not filed to vindicate rights in court, its purpose must be improper." *In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990). Further, if the complaint was filed in order to vindicate rights in court as well as for some other potentially improper purpose, the purpose to vindicate rights in court must be central and sincere. *Id. See also Baker v.*

*Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) ("Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law.")

Here, the only substantive "evidence" proffered by Childs in support of her claim of an "improper purpose" were two e-mails sent by the attorney for the former receiver questioning whether Childs had a conflict of interest due to the fact that she was named as a defendant, together with her unilateral "inference". Childs does not put forward any direct, affirmative evidence showing that Thompson had any motive other than the vindication of Plaintiffs' rights due to the allegedly unlawful and unauthorized accessing and use of CAM's bank information, which Childs does not deny took place, but instead seeks to justify. These allegations, as set forth above, made the claims alleged against Childs well grounded in fact and law, and therefore fall well short of the "improper purpose" standard of Rule 11.

**E.      Sanctions Are Disfavored While a Case Is Still in the Pleadings
Stage.**

Finally, Rule 11 sanctions are unwarranted here – especially in light of the
pre-filing record shown above and Defendants' refusal to categorically deny the
allegations against Childs – because the case is still in the pleadings stage and
discovery has not yet commenced.  *CBT Flint Ptnrs., LLC v. Goodmail Sys.*, 2008
U.S. Dist. LEXIS 120908, *4-5 (N.D. Ga. 2008) ("The Rule 11 motion should be
denied.  This case is still in the pleadings stage. Although it happens from time to
time, granting the request for dismissal on Rule 11 grounds this early in the
litigation of a patent case is highly unusual. . . . Generally, Rule 11 should not
supplant other methods of resolving the case such as a motion to dismiss or a
motion for summary judgment."), citing *Safe-Strap Co., Inc. v. Koala Corp.*, 270
F. Supp. 2d 407, 413 (S.D.N.Y. 2003).

**F.      Childs Has Put Forward No Credible Evidence Warranting Rule
11 Sanctions.**

In the face of this clear – and substantially undisputed – record of
documentary evidence and pre-filing investigation on the part of counsel, Childs
has put forward ***no specific evidentiary facts*** warranting Rule 11 sanctions,

offering instead only "inferences", e-mails sent by unrelated parties, and post-filing developments.  She then attempts to shift the burden to ***disprove*** the elements of Rule 11 to Thompson.  [Reply in in Support of Motion for Sanctions, pp. 4, 7]

Not only does Childs offer no legal or factual evidence to support her claim or to argue that the claim – if true – would support Rule 11 sanctions, Childs' claim is belied by the record itself.  Plaintiffs filed their Complaint on October 10, 2012.  In the intervening months, Plaintiffs have not sought to disqualify Childs in ***any*** pending action – state or federal -- in which she represents Braddock.  Nor have Plaintiffs sought to remove the state court proceedings to federal court.  In short, not only does Childs have no evidence to support her Rule 11 claims, the undisputed record directly contradicts those claims.

Childs unsubstantiated speculation – which is all that she offers in support of her Motion – is insufficient to warrant sanctions.

Respectfully submitted,

    This 21st day of August, 2013.

                                            *__/s/ Robert T. Thompson, Jr._____*
                                            THOMPSON LAW GROUP, LLC
                                            Robert T. Thompson, Jr., Esq.
                                            Georgia Bar No. 709750

                                            Mailing Address:
                                            THOMPSON LAW GROUP, LLC
                                            P.O. Box 53484
                                            Atlanta, Georgia 30355
                                            Telephone: (404) 816-0500
                                            Facsimile: (404) 816-6856
                                            rthompson@thomlaw.net

                                            Street Address:
                                            THOMPSON LAW GROUP, LLC
                                            Lenox Tower
                                            3390 Peachtree Road, Suite 200
                                            Atlanta, Georgia 30329

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 21, 2013, a true and exact copy of the foregoing "Opposition of Plaintiffs' Counsel The Thompson Law Group, LLC's Opposition To Kimberly Childs' Amended Motion For Sanctions [Doc. # 98] was served electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

THOMPSON LAW GROUP, LLC

*/s/ Robert T. Thompson, Jr.*
Robert T. Thompson, Jr.

22

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

Respectfully submitted,

This 21st day of August, 2013.

THOMPSON LAW GROUP, LLC

*/s/ Robert T. Thompson, Jr.*
Robert T. Thompson, Jr.