IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIE CHRISLEY, individually and in her capacity as the majority owner of CHRISLEY ASSET MANAGEMENT, LLC, <br><br>    Plaintiff, <br><br> vs. <br><br> MARK BRADDOCK, KEY ASSET SOLUTIONS, LLC; ALINA CLERIE; and ARC AUTO BROKERS, LLC. <br><br>    Defendants. | CIVIL ACTION FILE NO.: <br> 1:12-CV-3524-CAP |

## PLAINTIFF'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Plaintiff's previous attorneys, The Law Offices of Bob Barr, have submitted comprehensive briefs in opposition to defendants' motions to dismiss, and we will not rehash the facts and arguments set forth therein. The purpose of this response is to set forth the legal standard in considering a motion to dismiss.

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).)  In ruling on a motion to dismiss, all of the factual allegations in a Plaintiff's complaint must be accepted as true and construed in the light most favorable to Plaintiff. *Young Apartments, Inc. v. Town of Jupiter, Fla.,* 529 F.3d 1027, 1037 (11th Cir. 2008).

A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The standard "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim.  *Twombly*, 550 U.S. at 556.   It is not necessary for a complaint to set out all the facts in detail, but a plaintiff has to at least allege "enough factual matter (taken as true) to suggest" the existence of the required elements of the claim.  *Id.; see also Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1296 (11th Cir. 2007).   All that is required is for Plaintiff to nudge its claim across the line from conceivable to plausible. *Twombly,* 550 U.S. at 570.

The *Twombly* and *Iqbal* decisions have been misread or misinterpreted by many lawyers and some courts as creating a burden beyond what the decisions themselves require.  As stated by Judge Land in a recent decision in the Middle District of Georgia that is worthy of quotation, at length:

Defendant's Motion to Dismiss is another example of what *Twombly* and *Iqbal* have wrought - a compulsion to file a motion to dismiss in every case. The Supreme Court's statement in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which was reaffirmed in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), did not seem startling: to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its *Face v. Twombly*, 550 U.S. at 570; accord *Iqbal*, 556 U.S. at 678. The additional explanation that the complaint must include sufficient factual allegations "to raise a right to relief above the speculative level*,*" *Twombly*, 550 U.S. at 555, likewise did not suggest that the Supreme Court intended to rewrite Rule 12(b)(6) or abandon notice pleading; and the Court's observation that "a formulaic recitation of the elements of a cause of action does not suffice, id., did not seem to foreshadow a sea-change in the legal standard governing motions to dismiss. But many lawyers (and judges) have interpreted the Supreme Court's decisions in *Twombly* and *Iqbal* as ushering in a new era for motions practice in federal court. From this Court's perspective and experience, *Twombly* has become the most over-used tool in the litigator's tool box.

Since *Twombly* was decided, many lawyers have felt compelled to file a motion to dismiss in nearly every case, hoping to convince the Court that it now has the authority to divine what the plaintiff may plausibly be able to prove rather than accepting at the motion to dismiss stage that the plaintiff will be able to prove his allegations. These motions, which bear a close resemblance to summary judgment motions, view every factual allegation as a mere legal conclusion and disparagingly label all attempts to set out the elements of a cause of action as "bare recitals." They almost always, either expressly or, more often, implicitly, attempt to burden the plaintiff with establishing a reasonable likelihood of success on the merits under the guise of the "plausibly stating a claim" requirement. While these cautious lawyers, who have been encouraged by *Twombly* and *Iqbal*, have parsed the *Twombly* decision to extract every helpful syllable, they often ignore a less well known (or at least less frequently cited) admonition from *Twombly*: "Rule 12 (b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of

those facts is improbable. '"*Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

> Blinded by the *Twombly/Iqbal* compulsion, many lawyers fail to appreciate the distinction between determining whether a claim for relief is "plausibly stated," the inquiry required by *Twombly/Iqbal*, and divining whether actual proof of that claim is "improbable," a feat impossible for a mere mortal, even a federal judge.

*Tracy Meyer vs. Snyders Lance, Inc*., 4:12-CV-215, Order (M.D. Ga.  December 12, 2012).

Here, defendants have fallen into the trap that Judge Land describes above, seeking to impose a plausibility standard beyond what is required (or indeed is possible to meet) under the Rules.

WHEREFORE, Plaintiff respectfully prays that this Court deny each of defendants' respective motions to dismiss.

Respectfully submitted this 30th day of September, 2013.

                THE FEDERAL FIRM, LLC

                */s/R. Keegan Federal, Jr.*_____
                R. Keegan Federal, Jr.
                Georgia Bar No. 257200

                *Attorneys for Plaintiff*

Two Ravinia Drive
Suite 1776
Atlanta, Georgia 30346
Tel: (678) 443-4044

Fax: (678) 443-4081
keegan@fedfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIE CHRISLEY, individually and in her capacity as the majority owner of CHRISLEY ASSET MANAGEMENT, LLC, )))))) | |
| Plaintiff, )) | |
| vs. )) | CIVIL ACTION NO.: 1:12-CV-3524-CAP |
| MARK BRADDOCK, KEY ASSET SOLUTIONS, LLC, ALINA CLERIE, ARC AUTO BROKERS, LLC, ))))) | |
| Defendants. )) | |

## **CERTIFICATION OF FONT**

Counsel for Plaintiff certifies that this document has been prepared in a Times New Roman, 14 point font and otherwise complies with Local Rule 5.1C.

This 30th day of September, 2013.

                                        THE FEDERAL FIRM, LLC

                                        ***/s/R. Keegan Federal, Jr.*_____**
                                        R. Keegan Federal, Jr.
                                        Georgia Bar No. 257200

                                        *Attorneys for Plaintiff*

Two Ravinia Drive
Suite 1776
Atlanta, Georgia 30346
Tel: (678) 443-4044
Fax: (678) 443-4081
keegan@fedfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JULIE CHRISLEY, individually and in her capacity as the majority owner of CHRISLEY ASSET MANAGEMENT, LLC, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO.: 1:12-CV-3524-CAP |
| MARK BRADDOCK, KEY ASSET SOLUTIONS, LLC, ALINA CLERIE, ARC AUTO BROKERS, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this date, filed electronically the foregoing *Plaintiff's Supplemental Response in Opposition to Defendants' Motions to Dismiss* with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

*Jefferson Lee Adams*
*P.O. Box 1632*
*Jackson, GA 30233*

*H. Kirk Henson*
*Robert Thomas Thompson, Jr.*
*Thompson Law Group, LLC*
*P.O. Box 53484*
*Suite 530*
*3423 Piedmont Road*
*Atlanta, GA 30355*

*Kevin Allen Maxim*
*The Maxim Law Firm, P.C.*
*Suite 599*
*1718 Peachtree Street, N.W.*
*Atlanta, GA 30309*

*Rush S. Smith, Jr.*
*Crystal D. Filiberto*
*191 Peachtree Street, N.E.*
*Suite 2900*
*Atlanta, GA 30303*

*Todd Hamilton Stanton*
*Stanton Law, LLC*
*1579 Monroe Drive*
*Suite F206*
*Atlanta, GA 30324*

This 30th day of September, 2013.

                              THE FEDERAL FIRM, LLC

                              */s/R. Keegan Federal, Jr.*_____
                              R. Keegan Federal, Jr.
                              Georgia Bar No. 257200

                              *Attorneys for Plaintiff*

Two Ravinia Drive
Suite 1776
Atlanta, Georgia 30346
Tel: (678) 443-4044
Fax: (678) 443-4081
keegan@fedfirm.com

-10-